# Wytheville.

86  969
93  122

VIRGINIA FIRE AND MARINE INS. CO. V. SAUNDERS.

## June 19th, 1890.

1. PRACTICE AT COMMON LAW.—*Pleading—Replication—Case at bar.*—In action on policy, to plea that assured exaggerated cost of property, replication was that she estimated cost, and that company's agent then and there inspected the property, was as well informed as to its cost as she was, concurred in her estimate and inserted it in her application. *Held,* it is a good replication in estoppel. *Fire Ins. Co.* v. *West,* 76 Va., 575.

2. IDEM—*Duplicity.*—It is well settled that no matters, however multifarious, will operate to make a pleading double, that together constitute but one connected proposition.

3. IDEM—*Harmless error.*—This court will not reverse a judgment because the court below refused to allow defendant to withdraw his joinder in issue and demur to the replication, where the latter is sufficient in law.

Argued at Richmond.    Decided at Wytheville.

Error to judgment of circuit court of Mecklenburg county rendered October 17, 1888, in an action on a policy of insurance, wherein Mrs. Sarah K. Saunders and husband were plaintiffs, and the Virginia Fire and Marine Insurance company (plaintiff in error here) was defendant. This case has once before been to this court. See 84 Va., 210. Opinion states the case.

*W. W. & B. T. Crump,* for the plaintiff in error.

*A. S. Lee,* for the defendant in error.

LEWIS, P., delivered the opinion of the court.

After the case went back to the circuit court, the plaintiff replied anew to the defendant's special pleas, and the question again is as to the sufficiency of the replications. On the former appeal the judgment was reversed, because the replications concluded to the country, instead of with a verification, as they ought to have done, inasmuch as they introduced new matter. The replications subsequently filed, and upon which we are now to pass, set up the same matters, and are in all respects the same as those first filed, except that they conclude with a verification.

The first plea sets up a warranty by the plaintiff as to the cost of the property, alleging that whereas she represented it, in the written application for insurance, to be $1,600, it was, in fact, much less. And the second alleges that this representation was material to the risk and untrue. The policy recites that the application shall be treated as a part of the policy, and that its statements shall be treated as warranties by the assured that the facts therein stated are true.

To the first plea the plaintiff replied, in substance, that when the application was made, she expressly informed the agent of the company who procured her signature to the application, that she could not tell with certainty what the property cost, but that she estimated it at $1,600; that this estimate was concurred in by the agent, who himself inserted it in the application, which was signed by her; that he, the said agent, then and there fully inspected and examined the property, and was as fully informed as to its value and cost as the plaintiff herself was; that the defendant, through its agent, also had knowledge of the real condition and situation of the risk, and that, with such knowledge, the property was valued by its agent at the said sum of $1,600, and insured accordingly. Wherefore it is insisted "that the said defendant is concluded and estopped from alleging the matter set up in the said plea."

The replication to the second plea is substantially to the same effect.

The defendant moved to reject these replications, but the motion was overruled, and to this action of the court an exception was taken.   The case was thereupon submitted to a jury, and a verdict rendered for the plaintiff for $1,000, the amount of the policy, upon which verdict the court entered judgment.

The principal assignment of error relates to the action of the circuit court in overruling the motion to reject the replications.   It is contended that the replications are defective, because, instead of answering the contention raised by the pleas as to the cost of the property, they undertake to set up in estoppel an alleged *valuation* of the property by the defendant's agent.   And this, it is contended, constitutes a departure in pleading, for which the motion ought to have been granted.

A learned author lays it down that the only mode of taking advantage of a departure is by demurrer.   4 Min. Inst., 1040. But be that as it may, here there has been no departure.   To the general rule which requires the pleader either to traverse or to confess and avoid, there are several exceptions, one of which arises in the case of pleadings in estoppel.   Steph. Pl., 219. . Indeed, it is one of the essential qualities of a replication, that it must present matter of estoppel, or must traverse or confess and avoid the plea.   1 Chit. Pl., 643.   Moreover, a departure takes place only when the party deserts the ground that *he* took in his last antecedent pleading and resorts to another.   Thus, the replication must be conformable to the declaration, the rejoinder to the plea, etc.   Or as Lord Coke expresses it : " Each party must take heed of the ordering of the matter of his pleading, lest his replication depart from his count, or his rejoinder from his bar; *et sic de caeteris.*   3 Th. Co. Litt., 435 ; 4 Min. Inst., 1038.

In the present case this rule has been observed; that is to say, there has been no abandonment of the case stated in the declaration, and a resort to another, but the matter contained

in the replication conforms to and fortifies that contained in the declaration. There was no error, therefore, in overruling the motion to reject the replications.

The question as to a departure was not considered on the former appeal; nor did the court mean to intimate any opinion on that subject. All that was decided with respect to the replications was, that introducing, as they did, new matter, they ought to have concluded with a verification, in order to give the defendant an opportunity of answering it; and upon that ground alone the judgment was reversed. In short, it is very clear that there has been no departure, and if the allegations of the replications be true, and if the plaintiff has acted in good faith, as the jury have found, then the case is within the principle decided in *Lynchburg Fire Ins. Co.* v. *West*, 76 Va., 575, in which case Judge Staples, speaking for the court, said:

"In all this class of cases it has been held that where the agent filling up the application is clothed with real or apparent authority to make a contract of insurance, the agent's knowledge of the real condition and situation of the risk is imputable to the principal, and estops the latter from setting up any warranty inconsistent therewith." In that case the answer to the question in the application, as to whether the property was encumbered, was in the negative. But parol evidence was admitted to show that the answer was written at the suggestion of the agent, who procured the application, after full information of the circumstances; and it was held that this constituted an equitable estoppel. It was also said in the same case, that whenever the application is incorporated in the policy as a warranty, the warranty should be regarded as relating only to matters of which the assured had, or should be presumed to have had, some distinct, definite knowledge, and not to such matters as depend wholly upon opinion and judgment; citing Wood, Fire Ins., secs. 386, 402, 403; May, Ins., secs. 502, 140; *Ins. Co.* v. *Wilkinson*, 13 Wall., 222; *National Bank* v. *Ins. Co.*, 95 U. S., 673, and other cases.

In *Ins. Co.* v. *Wilkinson*, the court, after quoting with approval from 2 American Leading Cases (5th ed., p. 917) to the effect that agents of insurance companies, in their zeal to procure customers, not unfrequently mislead the assured by a false or erroneous statement of what the application should contain, or, *taking the preparation of it into their own hands*, procure his signature by an assurance that it is properly drawn, and that in such cases the description of the risk, though nominally proceeding from the assured, should be regarded as the act of the insurers, went on to say that this principle does not admit oral testimony to vary or contradict that which is in writing, but goes upon the idea that the writing offered in evidence is not the instrument of the party whose name is signed to it; that it was procured under such circumstances by the other side as estops that side from relying on it, and, therefore, that it cannot be lawfully used against the party who signed it. And we may add that the principle is now well established in the jurisprudence of the country.

Another error assigned, is the refusal of the circuit court to permit the defendant to withdraw its joinder of issue tendered by the replication to the first special plea, and to demur to the replication, after the motion to reject the replication had been overruled.

A sufficient answer, however, to this objection, is that the replication is sufficient in law, and hence the result is the same as if the request had been granted. It is contended, in this connection, that, apart from the objection as to a departure, already considered, the replication is defective, because it is in confession and avoidance and also in estoppel; in other words, that it is bad for duplicity. But this is a mistaken view. All the matters set out in the replication, together constitute but one point; that is to say, that the defendant is estopped from setting up the defence relied on in the plea; and the rule is well settled that no matters, however multifarious, will operate to make a pleading double, that together constitute but one

connected proposition or entire point.    Steph. Pl., 262; 4 Min. Inst., 937.    And as to the further contention that the recitals of the replication present no case of estoppel, that is answered by what has already been said.

This disposes of all the questions raised in the case, and the result is that the judgment of the circuit court must be affirmed.

JUDGMENT AFFIRMED.