HARTFORD FIRE INSURANCE COMPANY V. J. J. MCLEMORE
AND TEXAS LOAN AGENCY.

No. 1092.

**Insurance Policy—Waiver of Condition—Estoppel by Action of Agent.—** Where an insurance policy provides that it shall become void if other insurance on the property be taken without the company's consent, and the agent who issued the policy is notified of the intention of the insured to take out further insurance and fails to object thereto, the company is estopped to claim a breach of the condition because of such additional insurance.

APPEAL from Erath. Tried below before W. H. DEVINE, Special Judge.

*Leake, Shepard & Miller* and *Wray & Nugent*, for appellant.—1. General information casually obtained by the agent McKinnie in his individual capacity, neither communicated to him as agent or while acting within the scope of his agency, could not constitute notice to or bind the defendant, or impose upon it the duty of making its election. Ins. Co. v. Hutchins, 53 Texas, 61; Keenan v. Ins. Co., 13 Iowa, 380; Forbes v. Ins. Co., 9 Cush. (Mass.), 473; Zimmerman v. Ins. Co., 77 Iowa, 689; Ins. Co. v. Parsons, 50 N. W. Rep., 240; Bank v. Norton, 1 Hill, 578; Bank v. Payne, 25 Conn., 444; Pom. Eq., secs. 670, 671; Golden v. Assur. Co., 49 N. W. Rep. (Minn.), 246; Johnson v. Ins. Co., 43 N. W. Rep. (Minn.), 59.

2. It being shown that plaintiffs were not misled to their injury by any action or nonaction of the defendant company; that they neither

relied upon nor were influenced by any such action or nonaction, and that no act of the defendant has been shown distinctly recognizing the validity of the policy with knowledge of the additional insurance taken out, the defendant can not be legally held to have waived the forfeiture founded upon such additional insurance, and is not now estopped from setting up the same.    Ins. Co. v. Hutchins, 53 Texas, 61; Zimmerman v. Ins. Co., 77 Iowa, 689; Bosworth v. Cleary, 49 N. W. Rep., 750; Armstrong v. Ins. Co., 29 N. E. Rep., 991; Golden v. Assur. Co., 49 N. W. Rep. (Minn.), 246; Johnson v. Ins. Co., 43 N. W. Rep. (Minn.), 59; Robinson v. Fire Ass'n of Phila., 29 N. W. Rep. (Mich.), 521; Ins. Co. v. Watson, 23 Mich., 486; Benevolent Society v. Baldwin, 86 Ill., 479; Weed v. Ins. Co., 22 N. E. Rep. (N. Y.), 229; Titus v. Ins. Co., 81 N. Y., 417; May on Ins., secs. 507, 508.

*Lindsey & Goodson*, for appellees.—1. In this case, if J. P. McKinnie was advised by either J. J. McLemore or W. J. Wasson of the purpose of McLemore to then obtain, and that he was then obtaining, other insurance, it was a duty that McKinnie owed to the assured to consent thereto and make the indorsement, or to signify his dissent. And this would especially be the case if he then knew, or from the circumstances then before him might reasonably have inferred, that the assured did not know that his contemplated action would have vitiated the policy.    53 Texas, 61; 59 Texas, 509; 66 Texas, 232; 69 Texas, 353; May on Ins., sec. 270, and note 1; 26 Iowa, 9; 52 Mo., 181; 8 Bush (Ky.), 133; 27 Wis., 693; 22 Mich., 467; 96 U. S., 234, 572; 1 White & Willson's C. C., secs. 758, 1347; 106 U. S., 34; 3 White & Willson's C. C., sec. 101; 122 U. S., 457; 77 N. Y., 483; 81 N. Y., 410; 95 U. S., 326.

2.    Waiver of a forfeiture clause in an insurance policy, though in the nature of an estoppel, may be created by acts, conduct, and declarations insufficient to create a technical estoppel; and courts, not favoring forfeiture, are readily inclined to apply any circumstances that indicate an election to waive a forfeiture; and when the equities are in favor of the insured, slight evidence will raise such waiver.    86 Ala., 424; 11 Am. St. Rep., 51; 76 Mich., 653, 129 Ill., 599; Billings v. Ins. Co. (Neb.), 52 N. W. Rep., 397; Big. on Estop., 5 ed., p. 660, chap. 20, on "Waiver;" p. 673, chap. 21, on "Election;" 96 U. S., 234, 572; 106 U. S., 30–35; 95 U. S., 326; 122 U. S., 457; 77 N. Y., 483; 81 N. Y., 410.

STEPHENS, ASSOCIATE JUSTICE.—The policy of insurance sued upon was issued by appellant upon a house in Dublin, Texas, at the instance of appellee McLemore, and by its terms the loss was made "payable to the Texas Loan Agency, of Corsicana, as its interests might appear," to better secure the indebtedness of McLemore to said

loan company. Subsequently McLemore took out an additional policy upon the same house in the Continental Insurance Company for the sum of $1000.

Appellant founded its defense upon this provision of the Hartford policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered, in whole or in part, by this policy."

The policy further provided for the return, on the terms therein stated, of the unearned portion of the premium paid, on surrender of the policy, in case of its cancellation or becoming void.

No express consent for the additional insurance was obtained or indorsed, as provided in the policy; nor was any part of the premium returned.

J. P. McKinnie, who was the local agent at Dublin and in Erath County for appellant, with power to issue and cancel policies, issued the one in suit.

When McLemore applied to the agent of the Continental Company, W. J. Wasson, for the additional policy, he and Wasson were, and continued thereafter to be, alike ignorant of the provision relied upon by appellant as a defense in this case.

Wasson, at the request of McLemore, applied to McKinnie for a description of the property, informing him that he was writing a policy on the house covered by the Hartford policy, and wanted that policy for the purpose of getting the description of the lot, in order that he might insert it in the policy he was then writing for McLemore on the same house. McKinnie, upon stating that he did not need the policy for that purpose, turned to his books, where the lot was described, and thereby the description was obtained by Wasson.

Afterwards, and before the fire, McKinnie, while still the agent of appellant, and while consulting with McLemore about the interests of their respective companies, had knowledge of the additional policy, and made no objection thereto. However, he was not directly applied to by McLemore for the privilege of taking out the Continental policy, nor did he receive notice of any such intention or act, except through Wasson, as stated above.

These conclusions are supported by that phase of the testimony which seems to have prevailed with the jury, though in direct conflict in many respects with the positive testimony of McKinnie.

The controlling question for decision is, do these facts preclude the assertion of this defense of forfeiture, on the ground of election, waiver, or estoppel?

If McKinnie had merely learned—especially in an incidental way— of the additional policy after its issuance, according to many very high

authorities, his failure to object to or cancel the previous policy would not deprive the company of such defense. Zimmerman v. Ins. Co., 77 Iowa, 689; Golden v. Ins. Co., 49 N. W. Rep. (Minn.), 246; Johnson v. Ins. Co., 43 N. W. Rep. (Minn.), 59; Robinson v. Ins. Co., 29 N. W. Rep. (Mich.), 521.

Where, however, the agent of an insurance company issues a policy with a condition against other insurance without written consent, knowing of additional existing insurance, the condition as to such additional existing insurance is waived; and for a like reason, we think, when the assured notifies the agent of his purpose to take out an additional policy in some other company, and no objection is made by such agent, either then or after the additional policy is issued with his knowledge, silence under such circumstances induces a breach of the condition, misleads the insured, and should be held to operate as an estoppel.

This conclusion seems to be in accord with the trend of decisions in this State, as well as that of the modern cases elsewhere. Ins. Co. v. Lyons, 38 Texas, 253; Ins. Co. v. Griffin, 59 Texas, 509; 66 Texas, 232; Morrison v. Ins. Co., 69 Texas, 353; Ins. Co. v. Ende, 65 Texas, 118; Ins. Co. v. Blum, 76 Texas, 653; Ins. Co. v. Malevinsky, 24 S. W. Rep., 804; May on Ins., sec. 370; Hamilton v. Ins. Co., 94 Mo., 353; Ins. Co. v. Young, 86 Ala., 424; Von-Bories v. Ins. Co., 8 Bush, 133; Ins. Co. v. McCrea, 8 Lea, 513.

When Wasson, at the instance of McLemore, applied to McKinnie, to whom he had been referred for that purpose by McLemore, for a description of the property, accompanied by a statement of his purpose to write for McLemore additional insurance thereon in another company, it became his duty as agent of appellant with power to issue and cancel policies, as much so as if McLemore had applied in person, to either consent, as provided in the policy, or object to the issuance of the additional policy, and, not consenting, to cancel the previous one and return the unearned premium.

The company represented by him is therefore precluded from now taking advantage of its agent's own wrong in failing to discharge his duty.

The joinder of McLemore with the loan company seems to have been proper, but if not, no harm could have resulted to appellant therefrom.

These conclusions overrule all the assignments of error, and lead to an affirmance of the judgment.

*Affirmed.*

Delivered May 9, 1894.