THE EAGLE FIRE COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW YORK, *Plaintiff in Error,* v. GEORGE LEWALLEN AND JOSEPH A. O'BERRY, COPARTNERS DOING BUSINESS AS LEWALLEN & COMPANY, *Defendants in Error.*

1. A provision in a fire insurance policy that the policy, unless otherwise provided by agreement endorsed thereon shall be void if the insured shall procure other contracts of insurance on the same property, is inserted for the benefit of the insurer and may be waived by him.

2. Forfeitures are not favored in the law, and notwithstanding the strong language used in an insurance policy in declaring the forfeiture, the policy is not void, but voidable, and the party who has the right to declare the forfeiture may thereafter treat the policy as valid and it will be so.

3. Notice of additional insurance to a local fire insurance agent who has authority to represent the company in making contracts of insurance, to collect premiums, to countersign and deliver policies, to grant removal permits and to make endorsements therefor on the policy, to consent to additional insurance and to endorse the company's consent thereto on the policy is notice to the company.

4. The acts of an agent performed within the scope of his real or apparent authority are binding upon his principal. The public have a right to rely upon an agent's apparent authority and are not bound to enquire as to his special powers, unless the circumstances are such as to put them upon inquiry.

5. The clause in the fire insurance policy placing a limitation upon the power of any officer, agent or other representative of the company in the waiver of any provision or condition in the policy does not supersede the law making the principal liable for the negligent, wrongful or fraudulent act of its agent, or the law of equitable estoppel, and this clause of

Eagle Fire Co. v. Lewallen & Co.—Syllabus.

limitation may itself be waived by the company through its agent acting within the apparent scope of his authority.

6. In a case where, after the issuance of the policy of fire insurance sued upon and before the loss, other insurance was taken out upon the same property, and the local agent of the company who issued the policy and had authority to grant permits affecting the policy was informed of the additional insurance at the time an additional premium for a removal permit was paid to the insurance agent, who did not inform the company of the existence of the additional insurance, but the agent promised and agreed to endorse the consent of the company thereto in writing upon the policy, the company will be held liable on the policy, although its consent for such other insurance was not endorsed upon the policy as required by its terms, such conduct on the part of its agent acting within his apparent authority amounting to a waiver of the provisions requiring written consent for other insurance.

7. A departure in a pleading is a desertion of the ground which the pleader occupied in his last antecedent pleading and a resort to another ground. If the reply asserts some right not counted upon in the declaration, it is a departure.

8. In a suit upon a fire insurance policy, the stipulation against additional insurance being a condition subsequent and set up as a matter of defense by plea, a replication alleging a waiver was not inconsistent with nor a departure from the allegations of the declaration.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Axtell & Rinehart,* for plaintiff in error.

*P. O. Knight* and *C. C. Whitaker,* for defendants in error.

PARKHILL, J.—The defendants in error, hereinafter to be called the plaintiffs, sued the plaintiff in error, hereinafter to be called the defendant, in the Circuit Court for Hillsborough County to enforce the payment of an insurance policy issued by the defendant. The declaration was in the statutory form, with the policy attached and made a part thereof.

Briefly stated, the pleas set up that prior to the fire and subsequent to the date of the policy sued upon, the plaintiffs procured other insurance upon the same property to the amount of eight thousand dollars, without having an agreement providing for said other insurance endorsed on or added to the policy.

For reply to the pleas, the plaintiff admits the facts pleaded, but avers in avoidance that at the time of the taking out of the other insurance, and before the loss, and at the time an additional premium for a removal permit was paid to the agent of the defendant, said agent was informed of the additional insurance, and he then and there promised and agreed to make the necessary endorsement therefor upon the policy.

The defendant demurred to the replications. The court overruled the demurrers, after which issue was joined upon the replications and a trial had and judgment rendered against the defendant.

The action of the court in overruling the demurrers to the replications is assigned as error. The plaintiff in error says that but two questions are thus presented for the determination of this court.

1. Is notice of the defendant's agent and the knowledge of such agent, given and acquired subsequent to the issuing of the policy, of additional insurance taken upon the

property subsequent to the date of the policy sued upon, and an agreement by the agent to make an endorsement upon the policy, sufficient to constitute a waiver of the conditions of the policy as to other insurance?

2. Do the facts set up in the plaintiff's replications constitute a departure from the cause of action declared upon in the declaration?

We will follow the argument of counsel and consider these questions in the order of their submission.

The policy sued upon contained the following conditions:

1. "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy."

2. "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other repesentative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Provisions like the one set up here, that the policy, unless otherwise provided by agreement endorsed thereon shall be void if the insured shall procure other contracts of insurance on the same property, are inserted for the

benefit of the insurer and may be waived by the insurer.

In Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 South, Rep. 171, we held that forfeitures are not favored in the law, and notwithstanding the strong language used in declaring the forfeiture that the policy "shall become null and void" the policy is not void, but voidable, and the party who has the right to declare it void may thereafter treat it as valid and it will be so.

In a case where, at the time the policy of insurance sued upon was written, or other insurance existed upon the same property, and that fact was known to the agent who communicated it to the company and the company accepted the premium and did not deny the validity of its policy on account of such other insurance until after the loss occurred, this court held the company liable, though its consent for such other insurance was not endorsed upon the policy as required by its terms, such conduct on the part of the company amounting to a waiver of the provision requiring written consent for other insurance. Hartford Fire Ins. Co. v. Redding et al., 47 Fla. 228, 37 South. Rep. 62.

In the instant case, although the additional insurance did not exist at the time the policy sued upon was written and the agent did not communicate the fact of additional insurance to the company, we think there was a waiver by the defendant company of the provisions requiring written consent for the other or additional insurance.

Notice of the additional insurance to the agent who had authority to represent the company in making contracts of insurance, to collect premiums, to countersign and deliver policies, to consent to additional insurance and to endorse the company's consent thereto on the policy, and to grant removal permits and to make endorsements therefor on the policy, was notice to the com-

pany. An agent with these powers is the general agent of his company. He may be said to be a local general agent. Pechner v. Phoenix Insurance Company, 65 N. Y. 195, text 208; May on Insurance, Sec. 129. In speaking of the power of such an agent, this court has said: "An insurance company can not make its local agent the medium through which all the benefits of the policy flow from the insured to it, and then deny that he has authority to represent it when the benefits of the insured are involved." Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 283, 35 South. Rep. 228. See also Nickell v. Phoenix Ins. Co., 144 Mo. 420, 46 S. W. Rep. 435. Knowledge of an agent of an insurance company as to matters within the general scope of his authority is the knowledge of the company and it is bound thereby in the absence of fraud on the part of the insured. 3 Briefs on Law of Insurance, Cooley, 2520; Goldwater v. Liverpool & London & Globe Ins. Co., 109 N. Y. 618, 15 N. E. Rep. 895; Insurance Company of North America v. McDowell, 50 Ill. 120, 99 Am. Dec. 497; Hunt v. State Ins. Co., 66 Neb. 121, 92 N. W. Rep. 921; German Ins. Co. v. Heiduk, 30 Neb. 288, 46 N. W. Rep. 481, S. C. 27 Am. St. Rep. 402; Hartford Fire Ins. Co., v. Keating, 86 Md. 130, 38 Atl. Rep. 29; Spaulding v. New Hampshire Fire Ins. Co., 71 N. H. 441, 52 Atl. Rep. 858; 2 Clements on Fire Ins. 494, German Ins. Co., v. Shader, Neb. 193 N. W. Rep. 972 and cased cited.

In Indian River State Bank v. Hartford Fire Ins. Co., *supra*, we said: "The acts of an agent performed within the scope of the real or apparent authority are binding upon his principal. The public have a right to rely upon an agent's apparent authority, and are not bound to enquire as to his special powers unless the circumstances are such as to put them upon inquiry."

It is contended here that the circumstances were such

as to put the plaintiff upon inquiry as to the special powers of the agent; that the authority of the agent was determined by the terms of the insurance contract itself; and that the very policy which the insured received limited the power of the agent by requiring all changes in the policy to be made in writing thereon.

The language of the policy is: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached."

Many authorities declare that the assured is bound by limitations upon an agent's authority contained in an accepted policy; and the rule that contracts in writing, if in unambiguous terms, must be permitted to speak for themselves, and can not by the courts, at the instance of one of the parties, be permitted to be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of fact. This may be true, and yet the clause in the policy placing a limitation upon the power of any officer, agent or other representative of the company in the waiver of any provision or condition in the policy cannot be held to supersede the law making the principal liable for the negligent wrongful or fraudulent act of its agent,

and the law of equitable estoppel. This clause of limitation may itself be waived by the company *through its agent.* Dwelling House Ins. Co. v. Dowdall, 159 Ill. 179, 42 N. E. Rep. 606; Orient Ins. Co. v. McKnight, 197 Ill. 190, 64 N. E. Rep. 339; Hanover Fire Ins. Co. v. Dole, 20 Ind. App. 333, 50 N. E. Rep. 772; Home Ins. Co. of New York v. Gibson, 72 Miss. 58, 17 South. Rep. 13; Wilson v. Commercial Union Assur. Co., 51 S. C. 540, 29 S. E. Rep. 245, S. C. 64 Am. St. Rep. 700; Tillis v. Liverpool & L. & G. Ins. Co., 46 Fla. 268, 35 South. Rep. 171; West Chester Fire Ins. Co., v. Earle, 33 Mich. 143; Fireman's Fund Ins. Co., v. Norwood, 69 Fed. Rep. 71, 16 C. C. A. 136; Strauss v. Phenix Ins. Co., 9 Colo. App. 386, 48 Pac. Rep. 822; Stavinow v. Home Ins. Co., 43 Mo. App. 513; Goldwater v. Liverpool L. & G. Ins Co., 109 N. Y. 618, 15 N. E. Rep. 895, 17 Ins. L. J. 365; Roberts v. Continental Ins. Co., 41 Wis. 321; American Cent. Ins. Co., v. McCrea, 8 Lea (Tenn.) 513, S. C. 41 Am. Rep. 647; Hartford Fire Ins. Co. v. McLemore, 7 Tex. Civ. App. 317, 26 S. W. Rep. 928; 13 Am. & Eng. Ency. Law (2nd Ed.) 318, 320; Ger. Ins. Co., v. Shader, Neb. 93 N. W. 972 and cases cited.

As an insurance company can only act through such agencies as are enumerated in the stipulation, the substance of the provision is that the company itself shall not be held to have waived any of the terms or conditions of a policy unless the waiver be expressed in writing. But even this limitation will not prevent an insured from relying on a parol subsequent waiver by an authorized agent or officer, as "there can be no more force in an agreement in writing not to agree by parol than in a parol agreement not to agree in writing." 3 Cooley, Briefs on the Law of Insurance 2607 and cases cited. This clause does not restrict or limit the power of this particular agent. It applies to all officers, agents or

other representative of the company. As has been so well said by Chief-Justice WHITFIELD, speaking for the Supreme Court of Mississippi in Home Ins. Co. of New York v. Gibson, 72 Miss. 58, 17 South. Rep. 13.: "The corporation acts only through agents, and if 'no agent, no officer, and no other representative' can waive a stipulation, who is left to waive it for the corporation? This clause is a species of refinement, by which the corporation withdraws within its invisible and intangible ideality, when liability is sought to be imposed upon it, bound by the act of 'no agent, officer or other representative,' but reaches forth therefrom with briaren hands to receive the profits and avails of these same acts performed by these same 'agents' as against those with whom these same agents have dealt. The refinement is too subtle for the practical affairs of life, and we repudiate it." In Lamberton v. Conn. Fire Ins. Co., 39 Minn. 129, 39 N. W. Rep. 76, L. R. A. 222, in reference to a similar stipulation in the policy, it was said: "That is to say, in other words, that one of the parties to a written contract, which is not required by law to be in writing, can not subsequent to the making of the contract, waive, by parol agreement, provisions which have been incorporated in the contract for his benefit. If this provision is effectual at all, as a limitation of the power of future action, it limits the power of every agent, officer or representative of the company, and hence, practically, that of the corporation," and it was held that "this provision not being a limitation upon the authority of any particular agent or class of agents, but, in effect, upon the capacity of the corporation for future action" was void.

In Kahn v. Traders Ins. Co., 4 Wyo. 419, 34 Pac. Rep. 1059, the policy contained the following provision: "Neither the agent who issued the policy nor any other person except its secretary in the City of Chicago, has

authority to waive, modify or strike from the policy any of its terms and conditions." Mr. Justice CLARK, speaking for the court, in a very able and comprehensive opinion, says: "In my opinion it is not competent for the defendant company to so tie its own hands and those of its general agents as is attempted by the restrictive clause in this policy. The clause is broad enough to exclude not only every officer and agent of the company excepting only its secretary, but even the company itself. In my poinion such attempted restrictions are ineffectual, and ought not to be and will not be upheld." See German Ins. Co. v. Gray, 43 Kan. 497, 23 Pac. Rep. 637; Willcuts v. Northwestern Mutual Life Ins. Co., 81 Ind. 300; Phenix Ins. Co., v. Munger, 49 Kan. 178, 30 Pac. Rep. 120; Union Ins. Co. v. Chipp, 93 Ill. 96; Aetna Life Ins. Co. v. Fallow, 110 Tenn. 720, 77 S. W. 937; James v. Mutual Reserve Fund Life Ass'n., 148 Mo. 1, 49 S. W. 978: 3 Briefs on Law of Insurance, Cooley 2504.

In 1 Joyce on Insurance, Section 439, the author says: "We deduce, however, the rule, that the tendency of the weight of authority at the present day is against making restrictions in the policy upon an agent's authority conclusive upon the assured and that the company, or any agent with general or unlimited powers, clothed with an actual or apparent authorization, may either orally or in writing waive any written or printed condition in the policy, notwithstanding such restrictions, and many cases apply this rule, even though the policy provides that a distinct specific agreement shall be endorsed thereon, or otherwise prescribes a particular mode of waiver or that only certain persons can waive, and there would be no valid reason why if the agent may waive the restriction in the first case he may not in the latter, for such restrictions are declared to be ineffectual to limit the legal capacity of the company to bind itself by waiving condi-

tions of the policy through an agent acting within the
real or apparent scope of his authority.  So it is held that
although a policy may stipulate that a waiver can only be
established by a written agreement, indorsed on the pol-
icy, yet a waiver by acts *in pais* may be shown by parol
testimony.  Some of the cases, however, rest their conclu-
sions, not upon the ground of a technical waiver, but
upon the principle of estoppel by the acts and representa-
tions of the company's authorized representative, and in
a Michigan case waiver is declared by the court to be
another term for an estoppel, and that 'it can never arise
by implication alone, except from some conduct which in-
duces action upon it.'  The insurer may be estopped by
the acts and conduct of its agent to defend upon the
ground of breach of conditions, notwithstanding stipula-
tions that no agent may waive any condition."  See also
Thompson v. Traders' Ins. Co. of Chicago, 169 Mo. 12,
68 S. W. Rep. 889.

In Alexander v. Continental Ins. Co., 67 Wis 422, 30
N. W. Rep. 727, S. C. 58 Am. Rep. 869, 872, Mr. Justice
TAYLOR, speaking for the court, said: "The authority of
an agent to waive the conditions of an insurance policy
has been frequently asserted by this court, as well as
other courts.  This rule is absolutely necessary for the
protection of the insured.  The insured deals with no one
but the agent; the company can not deal with its patrons
in any other way.  Justice and law, therefore, require that
the company shall be held to sanction what the agent
agrees to and upon which the insured relies.  To allow
the company to enforce a condition or forfeiture of the
policy for a neglect to do that which the agent informs
the assured shall not avoid the policy, would work the
greatest injustice."

In Missouri, Kansas and Texas the courts hold that,
as the stipulation is ineffectual to limit the legal capacity

of an insurance company as to its future action, it does not limit its capacity to act by its agent. Burnham v. Greenwich Ins. Co., 56 Mo. App. 582, 63 Mo. App. 85; Long Island Ins. Co. v. Great Western Manuf'g Co., 2 Kan. App. 377, 42 Pac. Rep. 738; Home Mut. Ins. Co. v. Nichols, Tex. Civ. App. 72 S. W. Rep. 440.

There is conflict of authority on this point, other courts, notably in New York, Georgia, and Nebraska, holding that if a policy contains the stipulation, a subsequent parol waiver by an agent will be ineffectual. Lippman v. Aetna Ins. Co., 108 Ga. 391, 33 S. E. Rep. 897, S. C. 75 Am. St. Rep. 62; Baumgartel v. Providence-Washington Ins. Co., 136 N. Y. 547, 32 N. E. Rep. 990; Moore v. Hanover Fire Ins. Co., 141 N. Y. 219, 36 N. E. Rep. 191; Hartford Fire Ins. Co. v. Landfare, 63 Neb. 559, 88 N. W. Rep. 779.

On page 1181, May on Insurance, edition of 1900, the author says: "Opinions vary as to the effect of conditions against waiver by agent, or requiring all waivers to be in writing, or indorsed on the policy. It is held that such provisions are valid; that they are null and void; that they do not apply to matters connected with the creation of the contract; and that they apply only to such matters. The courts in many instances show a tendency to repudiate the conditions as unreasonable. On the facts most of the cases are fair, and the consideration that *these conditions may themselves be waived as well as others goes far to harmonize the decisions.*"

Pollock v. German Fire Ins. Co., 127 Mich. 460, 86 N. W. Rep. 1017, point 2 of the syllabus, holds that, "When application is made to the agent of an insurance company for permission to move insured property to another location, and the agent verbally consents to the removal, but fails to endorse such consent on the policy, such failure cannot be set up by the company as a defense

to an action on the policy, notwithstanding a provision therein that no officer, agent or representative of the company shall have power to waive any provision or condition of the policy or to grant any privileges or permission affecting the insurance, except by writing so indorsed."

In Fishblate v. Fidelity & Casuality Co. of New York, 140 N. C. 589, 53 S. E. Rep. 354, decided as late as Spring Term, 1906, the court said: "We are not inadvertent to the clause in the policy which provides that 'no notice or knowledge of the agent or any other person shall be held to effect a waiver or change in this contract or any part of it.' The effect of a clause of this kind has been very much discussed in the courts, and there is high authority for the position that to ignore such a stipulation would be to place an undue limitation on the right of contract, and to threaten the sanctity of written instruments by breaking down the rule that such contracts cannot be changed or varied by parol.  But we think the great weight of authority certainly in the State courts, favors the position that a clause of this character is ineffective for the purpose designed and that an insurance company shall not appoint an agent, use his services, accept the results of his work and repudiate this essential and inherent feature of the law of agency, that a knowledge of the agent is the knowledge of the company."    The court cites Sternnamen v. Insurance Co., 170 N. Y. 13; Kansal v. Ins. Co., 31 Minn. 17; Aetna Live Stock Co. v. Olmstead, 21 Mich. 346; Dietz v. Insurance Co., 31 W. Va. 851 and Vance on Ins. 304-5.

In People's Fire Ins. Ass'n of Arkansas v. Goyne, 79 Ark. 315, 96 S. W. Rep. 365, 9 Am. & Eng. Anno. Cases, 373, the Supreme Court of Arkansas, considering the effect of a limitation upon the power of the agent like the one in the policy in the instant case held:    "A

fire insurance company may be estopped by the conduct of its agent within the apparent scope of his authority, from availing itself of a false answer to a material question, or of a breach of warranty, or of a violation of the provisions of the application or policy, notwithstanding clauses in the application or policy to the effect that the company shall not be bound by any such conduct or representation of its agent; and such estoppel or waiver may be proved by parol evidence, though the policy or application contains clauses to the effect that no waiver shall be effective unless endorsed in writing on the policy at the home office of the company. See also Capital Fire Ins. Co. v. Montgomery, 81 Ark. 508, 99 S. W. Rep. 687.

For a discussion of the late cases on the effect of limitations on the authority of an insurance agent to waive conditions in the policy see the note in 9th Annotated Cases *supra*. For a general treatment of the subject, involving the earlier cases, the reader is referred to the note to Medley v. German Alliance Ins. Co., 2 A. & E. Ann. Cas. 99.

There are cases which hold that the restrictions inserted in the contract upon the power of an agent to waive any conditions, unless done in a particular manner cannot be deemed to apply to those conditions which relate to the inception of the contract when it appears that the agent has delivered it and received the premiums with full knowledge of the actual situation, on the ground that to take the benefit of a contract with full knowledge of all the facts and attempt afterwards to defeat it, when called upon to perform, by asserting conditions relating to those facts, would be to claim that no contract was made, and thus operate as a fraud upon the other party. As the Supreme Court of the United States, in Northern Assur. Co. v. Grand View

Bldg. Ass'n, 183 U. S. 308, 22 Sup. Ct. Rep. 133, pointed out, this view is fallacious because it is based upon the assumption that the agent, having full knowledge of the facts must be deemed to have disclosed them to his principal, and that consequently it would operate as a fraud upon the assured to plead a breach of these conditions. This mode of reasoning does not avoid the contention of other courts that a written contract cannot be varied or defeated by parol evidence and that the express provision that no waiver shall be made by the agent except in writing indorsed on the policy was intended to protect both parties from the dangers involved in disregarding this rule of evidence. The mischief would be the same whether the condition turned upon facts existing at and before the time when the contract was made, or from facts subsequently taking place.

In Henschel v. Oregon Fire & Marine Ins. Co., 4 Wash. 476, 30 Pac. Rep. 735, the policy contained a clause of limitation upon the power of the agent as to the waiver of the provisions and conditions of the policy like the clause in the policy in the instant case. The court held: "Where the agent of a fire insurance company promises to indorse on a policy left with him for the purpose the company's consent to the removal of the property insured, which indorsement he has authority to make, and he neglects to do so before the property is destroyed by fire, in an action on the policy the company is estopped to set up the want of such indorsement on the policy caused by the negligence of its own agent." The court considered that the plaintiff did not propose to strike from the policy a single line or word, but that, fully recognizing the binding force of the extremest stipulations against him, he went to the agent and himself proposed a strict compliance with them. To this proposition, the agent assented and agreed, and now

the plaintiff, invoking the equitable rule that, since he has relied upon the promise made by the agent to indorse on the policy the removal permit, what was agreed to be done shall be taken as having been done and that the contract is what, but for the negligence of the agent, it undoubtedly would have been. The company having received the premium now, without any offer to return any portion of the unearned premium, sets up, as an unconscionable defense, the neglect of its own agent to do what he ought to have done.

Having come to the conclusion that the attempt on the part of the defendant company to limit the power of its agent is ineffectual, and that knowledge by the agent of the company of the other insurance is in law the knowledge of the company, we think the company must be held to have waived that clause of the policy requiring written consent for the other insurance.

Subsequent to the date of the policy sued upon and before the destruction of the property, the plaintiff procured other contracts of insurance and informed, advised and notified the local agent of the company thereof, who thereupon promised and agreed to endorse on the policy the agreement for the other or additional insurance and to furnish the plaintiff with the necessary memorandum slip permitting the additional insurance, but he failed to do so, and the plaintiff's property was destroyed by fire during the life of the policy sued upon; the other or additional insurance was procured and notice thereof was given to the agent of the defendant company subsequent to the delivery to the plaintiff of the policy sued upon, and the agent did not communicate to his company knowledge of the other or additional insurance until after the loss of the insured property by fire.

• A stipulation against other or subsequent insurance contained in the policy is regarded as a condition or

promissory warranty. Hutchinson v. Western Ins. Co., 21 Mo. 97, S. C. 64 Am. Dec. 218. This stipulation in the policy, as we have seen, is inserted for the benefit of the insurer and may be waived by the insurer. As forfeitures are not favored in the law and the policy is not void but voidable, and as knowledge of the agent as to matters within the general scope of his authority is knowledge of the company, and the company is bound by the acts of its agent so acting, we think the conduct of the company acting by its agent amounted to a waiver of the provision requiring written consent for other insurance.

The agent was the *alter ego* of the company. For all practical purposes he was the company itself so far as the plaintiff in this case was concerned. By the written words of the policy, the contract remained in force only while the property remained in a certain building, and yet the company permitted its local agent to continue the life of the policy by a removal permit after the removal of the property to another building, upon the payment of an additional premium by the plaintiff to the agent of the company. The agent received the notice of other insurance at the time of the granting of this removal permit, and gave a verbal consent thereto, promising to endorse the agreement therefor upon the policy. He allowed the plaintiff to rely upon the validity of his policy and upon the belief that the company consented to the additional insurance, and no question was ever raised about that matter until after the loss. If the company desired to forfeit the contract for this reason, it should have acted during the life of the contract and should have returned the unearned portion of the premium before the fire. If it had done so, the plaintiff could have secured other insurance. If any one must suffer for the negligence or wrong doing of the agent

of an insurance company, it should be the company and not its patron who has relied upon the promise and conduct of the agent. The company appoints its agent and can recall his authority. If the assured procure other insurance without notice to the company his policy should be forfeited; but if such insurance is procured and the assured gives due notice thereof to the company through its agent, he has done all that he can do in regard to the matter. Then the company, through its agent, should take some affirmative action. It should promptly either give its consent to the other insurance and endorse its agreement therefor on the policy, or it should declare the policy forfeited and cancel the same before the loss of the property; but it should not be permitted by the conduct and actions of its agent which speak louder than the words of the policy to lull its patrons into a belief of security against loss, and then, after the destruction of the insured property, rely upon the written words of the policy for release from liability thereon.

As the knowledge of the agent is the knowledge of the company, it would, in principle, make no difference whether the other insurance existed upon the same property at the time the policy of insurance sued upon was written, or whether the other insurance was obtained after the delivery of the policy sued upon, if the agent had knowledge of the additional insurance; for, as was said by this court in Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, text 250, 37 South. Rep. 62: "Knowledge of the additional insurance was the important thing, and with such knowledge, the company's plain duty required it to see that the proper endorsement was made on the policy if it elected to retain the premium, and making no effort to perform that duty it must be held to have waived the matter of endorsement. This is the reasonable view, and the only one consistent with fair dealing."

Some courts hold that notice to the agent of the company of the other or additional insurance existing at the time the policy sued on was issued and a retention of the premium by the company would constitute a waiver of the clause in the policy providing that the written consent of the company thereto must be endorsed on the policy, on the ground that to issue a policy to the assured after notice that he had other insurance, which under the written stipulations of the policy sued on would make it void, would be to practice a fraud on the assured. If the issuance of the policy sued on and a retention of the premium therefor with the knowledge of the agent of the other insurance and a failure to endorse on the policy the written consent of the company thereto would be a fraud on the insured, so likewise would it be a fraud on the insured for the company to retain the premium, after knowledge was acquired by the agent of other insurance acquired after the delivery of the policy sued upon and a failure to advise the assured that his policy was of no value, or to make the endorsement of the consent of the company to the additional insurance on the policy sued upon. In either case, the only knowledge the company would have of the other or additional insurance would be the knowledge of its agent.

And so, in Mississippi Home Ins. Co. v. Dobbins, 81 Miss, 623, 33 South. Rep. 504, Chief Justice WHIT-FIELD, speaking for the court said: "Accepting, therefore, the correctness of the finding of fact by the learned Circuit Judge, to-wit, that the agent did not know at the very instant he received the premium that there was other insurance, it follows, from the very acts and conduct of the agent, acting in these respects for the company, that the appellant is estopped to set up the forfeiture." The Chief Justice states the facts in that case

as follows: "The fire occurred on the 23rd of October. Dobbins notified the agent, Montague, on the 24th. The agent was paid the premium some time in the forenoon of October 25th, without knowledge at that time of the additional insurance; but six hours thereafter, on the same day, when there had been no change whatever in the condition of the parties, he was fully informed of the additional insurance. The insurance agent and Dobbins lived in the same town, within a few minutes' easy communication. After full knowledge on the 25th of the other insurance, the agent had another conversation with Dobbins, in which he told him that the policy had been forfeited on account of additional insurance, but that he would report the matter to the company; and, more than that, when Dobbins came to him to get blank proofs to make proofs of loss, he furnished them. He furnished them, of course, for proofs to be made. There would have been no sense in the act otherwise. Furthermore, he testifies himself that he had power to cancel the policy, and was under no necessity to send it to the company for cancellation. The policy had been in force about one month. The insured had paid the full premium for three years." The policy provided that the policy might be terminated at any time, at the option of the company, on tendering a ratable proportion of the premium for the unexpired term.

In Horton v. Home Ins. Co., 122 N. C. 498, 29 S. E.. Rep. 944, the court held: "The knowledge of the local agent of an insurance company is, in law, the knowledge of the principal. The conditions in a policy working a forfeiture are matters of contract and not of limitation and may be waived by the insurer, which waiver may be presumed from the acts of the local agent of the company." And the court quotes from Wood on Insurance, section 497: "When other insurance is re-

quired to be endorsed upon the policy, if notice thereof is given to the insurer or *his agent* and consent is not endorsed nor the policy cancelled, further compliance is treated as waived, and the insurer is estopped from setting up such other insurance to defeat its liability upon the policy."

In Kahn v. Traders' Ins. Co., 4 Wyo. 419, 34 Pac. Rep. 1059, the policy sued upon was issued by the defendant company on the fifth day of May, 1890, and the plaintiff procured other insurance upon the same property on the 13th day of October, 1890, without the consent of the defendant written upon its policy, or otherwise. The building containing the property so insured was burned on December 26, 1890. The court held that the company is bound not only by notice to the general agent who was authorized to consent to additional insurance, but his knowledge of matters relating to the contract must be held to be knowledge of the principal. Mr. Justice CLARK, speaking for the court, said: "In the case just cited the defect complained of was that insurance existing at the time the policy sued on was issued was not noted on that policy, although assured had given the agent who negotiated the subsequent insurance notice of it. I am aware that many courts have drawn a distinction in this respect between prior and subsequent insurance; but I am unable to perceive any substantial reason for the distinction. If the doctrine is entirely true, that the assured is bound to know the conditions of his policy, and to that I shall hereinafter refer, it would seem that after receiving the policy it would be his duty to examine it within reasonable time, and in such case he would observe that the clause related to prior as well as to subsequent insurance, and if the prior insurance was not noted upon it he should take it back to the company and have the correction made."

In West v. Norwich Union Fire Ins. Soc., 10 Utah 422, 37 Pac. Rep. 685, the policy sued upon was issued by the defendant company on the 6th day of February, 1892. The Utah Loan & Trust Company of Ogden City was the agent of the defendant, and wrote this policy of insurance. There was also another policy of insurance at the same time on the same property in another company, of which the Utah Loan and Trust Company was also the agent. The policy contained a clause restricting the agent's power to waive any provision or condition of the policy. The insured requested the agent, who was authorized to issue policies, fix rates and countersign policies, to endorse on the policy permission for additional insurance, which he failed to do after promising to do so. The court held the company estopped to set up a provision against additional insurance, though the provision required such permission to be endorsed on the policy, and contained a clause restraining the agent's power to waive any of the provisions of the policy. The decision did not rest upon the consideration that the other insurance existed at the time the policy sued upon was issued. The court said: "The company is bound, not only by his (the agent's) acts, but also by whatever may be said or done by him regarding the contract or risk. Through him the company has knowledge of every fact in relation to the insurance or contract, and when he issues additional insurance on the same property for another company he becomes the agent of both companies, and the former company will be *conclusively presumed to have knowledge of the additional insurance*. If, then, such company fail to avail itself of its right, under its contract, to object to such additional insurance, and to declare the policy void, so long as there is no apparent danger of loss, it will be estopped from insisting upon a forfeiture of the policy after loss

has occurred, because its consent to other insurance was not indorsed thereon in writing. * * * A verbal agreement is of as high a legal degree as one in writing, and either one may be varied or abrogated by subsequent agreement, parol or written; and, upon principle, there appears to be no good reason why this rule should not apply to insurance companies as well as to private individuals. Therefore the agreement of the agent, by which he promised to endorse on the policy permission for further insurance, is regarded as the agreement of the defendant company, and is binding upon it. The fact that it had no actual knowledge of it at the time it was made, and did not actually assent to it, is entirely immaterial, because it was within the scope of the agent's authority to make it. Nor does the fact that the policy in question contained a clause restraining the agent's power to waive any provision or condition of the policy, add force or give effect to the clause under consideration, because the agent had the legal capacity to agree that other insurance might be procured on the property; and he having agreed to do this, and then failed to perform, the defendant cannot now be heard to complain because the neglect and failure of the agent was the neglect and failure of the company."

In Queen Ins. Co. of America v. Straughan, 70 Kan. 186, 78 Pac. Rep. 447, 109 Am. St. Rep. 421, the agent at the time the policy was issued had knowledge that the building was then vacant and unoccupied, and thereafter within ten days, upon the request of the assured, agreed to endorse a vacancy permit on the policy, but failed to do so, and the assured relied upon the acts and agreement of the agent, the court held that the insurance company waived the vacancy clause of the policy. Nothing was said in the opinion of the court that it would be a fraud upon the insured for the company to issue a

void policy, receiving the premium therefor. The court said: "Snyder was the agent of the defendant, with authority to issue and countersign policies of insurance and collect premiums, and occasionally he adjusted losses. Such an agent may waive the conditions of a policy otherwise than in writing indorsed thereon." And the court said further that the knowledge of the agent of the vacancy of the premises was knowledge of the company. There was a clause in the policy, too, to the effect that no agent or officer of the company could waive any of the provisions of the policy otherwise than in writing endorsed thereon. See, also, Oshkosh Gas-Light Co. v. Germania Fire Ins. Co., 71 Wis. 454, 37 N. W. Rep. 819; Morrison v. Ins. Co. of America, 69 Tex. 353, 6 S. W. Rep. 605, 5 Amer. St. Rep. 63.

We recognize that there are conflicting authorities on the questions here presented, but we think reason and justice lie with the courts that support the views we have expressed.

In referring to the decision of the Supreme Court of the United States in Northern Assur. Co. v. Grand View Bldg. Ass'n, 183 U. S. 308, 22 Sup. Ct. Rep. 133, cited by counsel for plaintiff in error, we said, in Hartford Fire Ins. Co. v. Redding, *Supra,* "This decision is directly in conflict with the opinions of many other courts and text writers, and several courts since it was rendered have refused to follow it. Thompson v. Traders' Ins. Co. of Chicago, 169 Mo. 12, 68 S. W. Rep. 889; Orient Ins. Co. v. McKnight, 197 Ill. 190, 64 N. E. Rep. 339. See, also, Clement on Fire Insurance as a Valid Contract, p. 413.

The Supreme Court of Appeals of Virginia in Virginia Fire and Marine Ins. Co. v. Richmond Mica Co., 102 Va. 429, 46 S. E. Rep. 463, in commenting upon the decision in the Northern Assurance Company case, said: "Much

reliance has been placed by the counsel for the plaintiff in the error upon the opinion of Mr. Justice SHIRAS in the case of Northern Assur. Co. v. Grand View Bldg. Assoc., 183 U. S. 308, 22 U. S. Sup. Ct. Rep. 133, 46 U. S. (1,ed.) 214, reversing the judgment of the Circuit Court of Appeals of the Eighth Circuit. While the pronouncements of that great court must always command the highest respect, its judgment in the particular case is deprived of much value as a precedent by the circumstance that it is not in harmony with many former decisions of that court, and that the Chief Justice, Mr. Justice HARLAN and Mr. Justice PECKHAM did not concur in the opinion of the majority. Since that decision was rendered Mr. Justice SHIRAS has retired from the bench and been succeeded by Mr. Justice DAY, who presided in the Circuit Court of Appeals in the case of Queen Ins. Co. of America v. Union Bank & Trust Co., 111 Fed. Rep. 697, 49 C. C. A. 555, where a different construction was reached. So there are now on that bench at least four justices who entertain views opposed to those of the majority as expressed in the case referred to. In this state of the law, this court can hardly be expected to abandon its own well considered precedents to follow the questionable ruling of another tribunal."

In Thompson v. Traders' Ins. Co., *supra*, the Supreme Court of Missouri said: "But the defendant relies upon the case of Northern Assur. Co. v. Grand View Bldg. Assoc., decided by the Supreme Court of the United States on Jan. 6, 1902, and reported in 22 U. S. Sup. Ct. Rep. 133, and upon a number of like cases in other jurisdictions, and upon the authority of those decisions contends that the Missouri rule is wrong, because every principal—insurance company as well as individual—has a right to limit the power and authority of his agent, and

is not bound by any act of the agent in excess of his power.

'With every possible respect for the courts whose decisions are cited, and also for the learning of the able counsel for the defendant in this case, it is only necessary to say that the Missouri rule does not impair the power of a principal to limit the authority of his agent, nor does it bind the principal for the acts of the agent done in excess of the power conferred on the agent. On the contrary, it holds the principal liable just as far, and no farther, as he has made himself responsible. It measures the responsibility of the principal for the acts of the agent, not alone by the terms of the original power conferred on the agent, but also by the subsequent power, written or parol, expressly conferred; or such as is necessarily implied from the conduct of the principal, and of his agent with his knowledge, and from their course of business with third persons and which conduct and course of business estop the principal from denying the power of the agent to do the particular act relied on, albeit the power to do that act was not conferred, but, on the contrary, was expressly denied to the agent by the original contract.

'In other words, the Missouri cases give full effect to the contractual power of the principal to limit the authority of his agent in the original appointment or at any other time, but those cases also give like effect to all subsequent powers conferred by the principal upon his agent, either expressly, or by implication, or by estoppel, notwithstanding such powers are in conflict with, in derogation of, or in enlargement of the powers originally conferred. And this rests upon the doctrine that in each instance the principal binds himself not that the agent binds the principal beyond his power to bind him. The act of the principal limiting the power of the agent

is not irrevocable at the will of the principal. As the principal has the freedom to contract to impose the limitation upon the power and authority of the agent in the first place, so also the principal has the freedom to contract to remove, abolish, alter, diminish, or increase the limitations originally imposed upon the power of the agent, and this the principal may do in any manner that in law will be binding upon him, but in every case it is the act of the principal that the law simply enforces, and not the unauthorized act of an agent done in excess of the authority conferred. The cases relied on by the defendant fail to compel conviction or to be accepted as authority in other jurisdictions, because they lose sight of the fundamental principles of law.' "

The following cases refuse to follow the decision in the Northern Assur. Co. v. Grand View Bldg. Association: People's Fire Ins. Ass'n. of Arkansas v. Goyne, 97 Ark. 315, 96 S. W. Rep. 365, 9 Amer. & Eng. Annotated Cases 373; German-American Ins. Co. v. Yellow Poplar Lumber Co., 27 Ky. Law 105, 84 S. W. Rep. 551; Benjamin v. Palatine Ins. Co., 80 N. Y. App. Div. 260, 80 N. Y. Supp. 256; Home. Mut. Ins. Co. v. Nichols, (Tex. Civ. App.) 72 S. W. Rep. 440. See also the cases cited in People's Fire Ins. Ass'n of Arkansas v. Goyne, *supra*.

The second proposition raised by the demurrer to the replication is the question of departure. It is contended by plaintiff in error that the replication sets forth entirely different causes of action from that alleged in the declaration.

The replications alleged that after the policy sued upon was issued, the plaintiffs took additional insurance, that plaintiffs notified the agent of the company of such additional insurance, and requested the said agent to make notation thereof and to attach to the policy sued

upon an agreement in writing providing for such other and additional insurance so taken, and that the agent did then and there agree and consent to said additional insurance and agreed to make notation thereof and to attach to the policy sued upon an agreement in writing providing for and permitting such additional insurance. Then the replication proceeds as follows: "But that said agent neglected to attach to said policy now sued upon the aforesaid agreement in writing as said agent agreed to do; and such knowledge, promise and agreement as aforesaid on the part of the said agent of the defendant was a waiver by the said defendant of the provisions of its policy relating to concurrent or other additional insurance."

It is contended by counsel that "it clearly appears by the distinct allegations of these replications that the denomination of these facts as a waiver is a contradiction in term," and the argument is made "That there was no express waiver and the only remaining question is whether or not the facts set up, if proven, would amount to an estoppel," and it is said that if the plaintiffs' claim is to be based upon the negligence of the defendant's agent to perform some duty, then the action would be founded in tort and would be a departure from the cause of action alleged in the declaration, or if the plaintiffs' claim be based upon the inaction of the agent an estoppel cannot be established by any such facts.

A departure in a pleading is a desertion of the ground which the pleader occupied in his last antecedent pleading and a resort to another ground. Andrew Stephens Pleading, 402. If the reply asserts some right not counted upon in the declaration, it is a departure.

The declaration declared, in the statutory form, upon the policy attached. The pleas set up that the plaintiffs had procured other or additional insurance upon the in-

57 Fla.—18.

sured property and no agreement providing for such other and additional insurance was indorsed on or added to the policy sued upon. The plaintiffs replied by admitting the facts pleaded and in avoidance alleged that the agent was notified of the additional insurance and consented thereto and agreed to endorse the agreement thereto on the policy, but neglected to do so, whereby the provisions of the policy relating to other insurance were waived.

The plaintiffs did not change their cause of action, or desert the ground occupied by them in the declaration by substituting allegations of waiver for a general denial with respect to a defense of breach of these conditions in the policy. German Ins. Co. of Freeport, Ill. v. Shader, 68 Neb. 1, 93 N. W. Rep. 972; Aetna Life Insurance Co. v. Nexsen, 84 Ind. 347; Sweetser v. Odd Fellows' Mut. Aid Ass'n, 117 Ind. 97, 19 N. E. Rep. 722.

The stipulation against other insurance, being a promissory warranty and condition subsequent, was a matter of defence to be pleaded by the defendant and not a condition precedent, performance of which was required to be averred in the declaration; and so it was entirely proper for the plaintiff to reply a waiver, as by doing so he was not departing from the allegations of the declaration in any material matter. Tillis v. Liverpool & L. & G. Ins. Co., 46 Fla. 268, South Rep. 171.

In Virginia Fire and Marine Ins. Co. v. Saunders, 86 Va. 969, 11 S. E. Rep. 794, the action was upon an insurance policy, the plea alleged misrepresentations in the application as to the value of the property. To this the replication averred, by way of estoppel, that defendant's agent had a full view of the property, concurred in the estimated value and himself inserted the amount in the application. The court held this was no departure from the declaration upon the policy, the replication was

not double as being both by way of estoppel and in confession and avoidance, all the matters set out constituting the single point that defendant is estopped by the acts of its agent. The court said: "To the general rule which requires the pleader either to traverse or to confess and avoid, there are several exceptions, one of which arises in the case of pleading in estoppel. Steph. Pl. 219. Indeed, it is one of the essential qualities of a replication that it must present matters of estoppel or must traverse or confess and avoid the plea. 1 Chit. Pl. 643. Moreover, a departure takes place only when the party deserts the ground that he took in his last antecedent pleading and resorts to another. Thus the replication must be conformable to the declaration, the rejoinder to the plea, etc.; or, as Lord Coke expresses it: 'Each party must take heed of the ordering of the matter of his pleading, lest his replication depart from his count, or his rejoinder from his bar; *et sic de caeteris.*' 3 Thol Co. Litt. 435; 4 Minor, Inst. 1038. In the present case this rule has been observed; that is to say, there has been no abandonment of the case stated in the declaration and a resort to another, but the matter contained in the replication conforms to and fortifies that contained in the declaration."

The contention that the plaintiffs' claim is based upon the negligence of the agent and is founded in tort and is a departure from the cause of action alleged in the declaration is without merit.

In Alexander v. Continental Ins. Co., *supra,* the court said: "To allow the company to enforce a condition or forfeiture of the policy for a *neglect* to do that which the agent informs the assured shall not avoid the policy, would work the greatest injustice." Elsewhere in this opinion, we quoted from the opinion in the   case of

Henschel v. Oregon Fire & Marine Ins. Co., 4 Wash. 476, 30 Pac. Rep. 735, as follows: "Where the agent of a fire insurance company promises to indorse on a policy left with him for the purpose the company's consent to the removal of the property insured, which endorsement he has authority to make, and he neglects to do so before the property is destroyed by fire, in an action on the policy the company is estopped to set up the want of such indorsement on the policy caused by the *negligence* of its own agent."

We have already disposed of the other contentions made by counsel on this proposition.

Finding no error the judgment is affirmed.

Taylor and Hocker JJ. concur.

Shackleford C.J. and Cockrell J. dissent.

Whitfield, J., (*specially concurring*).—The valid provisions of an insurance policy are binding on the insured as well as the insurer unless the provisions are waived.

Insurance policies are not executed under seal and are not required by law to be in writing. Provisions printed in an insurance policy for the benefit of the insurance company may in general be waived by the company through its agents, since the policy is subject to the law of agency and other applicable laws. Even a provision that conditions printed in the policy shall not be waived except by agreement endorsed on the policy may itself be waived by the company through its agents, and such waiver may be implied by law from the conduct

of the agent acting within the apparent scope of his authority.

Where the conduct of an agent acting within his apparent authority is such as to estop the principal from claiming the benefit of a provision of a written instrument, such estoppel is not a varying of the written instrument by parol, nor is it an abridgement of the right to contract. In such a case the conduct of the agent is in law the act of the principal which in law waives the right.

Insurance corporations act only through officers and agents, and in general where a person procures an insurance policy executed and issued by an agent who receives the premiums thereon, who issues removal permits and receives premiums therefor, and who has authority to permit additional insurance and to endorse such permission on the policy as the representative of the insurance company, the insured may regard the agent as having such authority as that his conduct may in law operate to estop the company from claiming the benefit of a provision printed in the policy that it shall be void if additional insurance be procured, unless otherwise provided by agreement endorsed on or added to the policy, no question of *bona fides* being involved. Whether or not there is a waiver or an estoppel must be determined from the facts and circumstances of each case.

Insurance policies are issued, for a consideration, to indemnify the insured, and the law does not favor forfeitures of policies of insurance, particularly where they are induced by the conduct of the agent representing the insurer.

The facts admitted by the demurrer are that although no agreement providing for the other and additional insurance was endorsed on or added to the policy, yet at the time of the existence of the additional insurance,

before the loss, and at the time an additional premium for a removal permit was paid to the agent of the insurer, the agent was informed of the additional insurance and the agent then and there promised and agreed to make the necessary endorsements and to furnish the insured with the necessary memorandum slip permitting the additional concurrent insurance.

It is assumed from the pleadings in the transcript that the agent had authority to execute and issue the policy, to receive premiums, to grant permits for additional insurance, for removals, etc., and to make the endorsements and to furnish the slips permitting additional insurance as the representative of the insurance company. An agent with such authority may by his conduct bind the company by estoppel, notwithstanding general provisions printed in the policy executed and issued by the agent that its conditions shall not be waived except by agreement endorsed on the policy, and that no officer or agent shall otherwise waive any of the conditions. The policy is subject to the law of agency and of estoppel.

The conduct of the agent who executed and issued the policy in receiving additional premiums for a removel permit thus giving added effect to the policy with knowledge that additional insurance had been procured by the insured, and in promising under these circumstances to make the necessary endorsements and to furnish the necessary memorandum slip permitting the additional insurance, all being within his apparent authority, was calculated to lull the insured into inaction and to justify a belief that this conduct of the agent was binding on the company. If the conduct of the agent, acting within his apparent authority, reasonably induced inaction of the insured, resulting in a technical failure to comply wth a prescribed condition, the failure may be

regarded as acquiesced in by the company, since the conduct of the agent within his apparent authority should bind his principal rather than injure the insured, the sole purpose of the policy being indemnity to the insured for a consideration paid to the insurer.

The allegations of waiver contained in the replication relate to a condition subsequent contained in the original policy, are in avoidance of the breach averred in the plea, and not inconsistent with, but are in support of, the allegations of the declaration stating the cause of action, and testimony to sustain the replication would not be irrelevant under the declaration, therefore the replication is not a departure in pleading.