## ÆTNA INS. CO. v. EASTMAN.   (No. 3310.)

(Court of Civil Appeals of Texas. Dallas. April 27, 1901. Rehearing Denied May 25, 1901.)

1. **Witnesses ⬅414(2)—Testimony that plaintiff told witness he had notified defendant's agent admissible to corroborate plaintiff.**

In an action on a fire insurance policy prohibiting additional insurance in excess of a specified amount, where the issue as to whether plaintiff notified defendant's agent of the additional insurance was sharply drawn, testimony that plaintiff, on the day the additional insurance was taken out, told a witness he had notified the agent, was admissible, where he could have secured the full amount of insurance from the company in which the additional insurance was obtained, and he therefore had no improper motive in making such statement.

2. **Witnesses ⬅260—Plaintiff properly permitted to state his mental condition when he made a certain statement, and that he afterwards recalled the facts differently held admissible.**

In an action on a fire insurance policy prohibiting additional insurance in excess of a specified amount, where a witness testified plaintiff said he had not notified defendant's agent of the additional insurance, plaintiff was properly permitted to state his mental condition at the time of the conversation with such witness, and to testify that he did not at that time think of having notified the agent, but afterwards recalled it.

3. **Insurance ⬅390—Failure to cancel policy when given notice held waiver of condition against additional insurance.**

Under a fire insurance policy prohibiting additional insurance in excess of a specified sum, if the insurer's agent was given notice of additional insurance and failed to cancel the policy, this was sufficient to constitute a waiver.

4. **Trial ⬅260(3)—Refusal of instruction as to burden of proof held proper, in view of instruction given.**

In an action on a fire policy prohibiting additional insurance in excess of a specified amount, an instruction that the burden was on plaintiff to establish by a preponderance of the evidence that notice was given defendant's agent of the additional insurance was sufficient, and an instruction that the burden was on plaintiff, not only to show the authority of the agent, but also to establish the notice and waiver, was properly refused.

Appeal from District Court, Hunt County.

Action by H. P. Eastman against the Ætna Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 72 S. W. 431; 80 S. W. 255.

Finley, Etheridge & Knight, of Dallas, for appellant.

B. F. Looney, of Greenville, for appellee.

RAINEY, C. J. Suit by appellee to recover of appellant on a fire insurance policy for the sum of $1,500 insuring a building, which building was destroyed by fire. The defendant pleaded that the policy had been forfeited by reason of the plaintiff violating a stipulation of the policy which prohibited him from taking out additional insurance in excess of $3,000. Plaintiff replied, alleging waiver by the agent of said company. Plaintiff recovered judgment, and defendant appeals.

The evidence shows that defendant company issued to plaintiff its policy covering a building owned by plaintiff, insuring said building against fire in the sum of $1,500, and dated March 15, 1899. Said policy contained a clause prohibiting other insurance, except such as permitted by said policy, which was $3,000. On January 23, 1900, plaintiff took out additional insurance for $3,500. On the day said additional insurance was procured, plaintiff notified D. E. Magrill, the agent of said defendant, that he had secured said additional insurance on said building, and no steps were taken to cancel the policy sued on.

[1] The appellant's first assignment of error complains of the action of the court in permitting one Sweeton, a witness for plaintiff in rebuttal, to testify, over objections, that plaintiff told him on the day said addi-

tional insurance was taken out about said transaction, and that plaintiff had told him that he had notified D. E. Magrill that said additional insurance had been taken out. Appellee insists that said statement was a self-serving declaration, made in the absence of the defendant, and of which it had no notice, and was afforded no opportunity to deny, and hence illegal.

The plaintiff, in testifying in his own behalf, testified that, when said additional insurance was procured, he notified Magrill, the agent of defendant, of that fact, which was denied by Magrill. On cross-examination of plaintiff by defendant, he was asked relative to statements made by him to one Henderson, the agent who wrote the additional insurance for plaintiff; the effect of said statement being that he had not notified Magrill of such additional insurance. Plaintiff, in reply to interrogatory, stated:

"Henderson told me I had not notified Magrill, and I did not tell Henderson in reply that my reason for not having done so was that I did not know that I had to."

Defendant placed Henderson on the stand, who testified that after the fire he had a conversation with plaintiff about additional insurance, and I asked him, "Did you notify Magrill?" The plaintiff just remarked "that he did not know that he had to." I said, "Yes; you did, for I told you." He says, "Well, I don't recollect."

We are of the opinion that the court did not err in admitting the testimony. The issue as to whether plaintiff notified Magrill of the additional insurance at the time it was taken out was sharply drawn by the pleadings and evidence. Said declaration was corroborative of plaintiff's statement that he had notified Magrill of said additional insurance, and said declaration was made at a time when no self-serving motive could be imputed to him for making it. The additional insurance, as before stated, was procured on January 29, 1900, when the insurance agent, Henderson, testified that the building would bear the amount of insurance that the plaintiff had on it at the time of the fire, March 3, 1900. The conclusion is fairly deducible from Henderson's testimony that plaintiff could have secured from him insurance on the building for the full amount for which it was insured, at the time it burned, which precludes the idea that plaintiff entertained an improper motive when he made the declaration to Sweeton.

In Lewey & Co. v. Fischl, 65 Tex. 311, it was held in substance that, where a desire to misrepresent from some motive of interest has been imputed to a witness, a former statement, made by him at a time when the supposed motive did not exist, is admissible in confirmation of his evidence. See, also, Moody v. Gardner, 42 Tex. 414; 1 Greenleaf on Evidence, § 469; Graham v. McReynolds, 90 Tenn. 673, 18 S. W. 277; Railroad Co. v. Lawson, 105 Tenn. 639, 58 S. W. 480.

[2] We are of the opinion that the court did not err in permitting plaintiff to state his mental condition at the time he had the conversation with Henderson, and that he did not at that time think of his having notified Magrill of the additional insurance, but that he afterwards recalled it.

[3] The third assignment of appellant complains of the court's refusal to give the following special instruction, to wit:

"You are instructed that the burden is on the plaintiff to establish the waiver pleaded by him of the condition of the policy against the additional insurance by a preponderance of the evidence, and if he has not done so you will return your verdict for the defendant."

Under this assignment the appellant submits the following proposition:

"Where defendant, as in this case, pleads a breach of contract, by virtue of which plaintiff has forfeited his rights under the contract, and the plaintiff, as in this case, pleads notice of such breach on the part of defendant's agent and a waiver thereof, the burden is on the plaintiff, not only to show the authority of the agent, but also to establish the notice and the waiver."

The evidence shows that Magrill was the agent of appellant, and notice to him of the additional insurance, and the failure to cancel the policy under such notice, was sufficient to constitute a waiver.

[4] The court charged the jury that—

"You are charged that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that such notice was given, and, unless you find from the evidence that he has done so, you will find for the defendant."

This, we think, was sufficient under the facts, and there was no error in refusing to give said special instruction.

The judgment is affirmed.