J. H. LUTZ, Appellee, v. THE ANCHOR FIRE INSURANCE COMPANY, Appellant.

**Insurance:** VERDICT: WHEN CONCLUSIVE. Where the evidence is
1    in conflict the verdict of the jury is conclusive.

**Waiver of Conditions of Policy.** A provision in a policy of insur-
2    ance that its conditions cannot be waived except by a writing
on or attached to the policy is subject to waiver by the con-
duct of the company tending to justify the inference that com-
pliance therewith is not insisted upon.

**Evidence:** WAIVER. Evidence in the case considered and held to
3    warrant the jury in finding that the company by its acts and
conduct waived the provision that if additional insurance was
effected without consent of the company it would avoid the
policy.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT,
Judge.

FRIDAY, APRIL 10, 1903.

ACTION at law upon a policy of fire insurance. Verdict and judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*Cook & Leach, Sullivan & Sullivan* for appellant.

*Ransier & Everett* for appellee.

WEAVER, J.—On February 4, 1898, defendant issued to plaintiff a policy of insurance upon a building in the town of Fairbank, Iowa, for a term of six years. The building was destroyed by fire on the night of December 30, 1900, and this action is brought upon said policy for the loss thus sustained.

The appeal presents for our consideration the single defense that plaintiff, after the date of the policy in suit,

obtained additional insurance upon the building without defendant's written consent, and that by such act, according to the terms of the contract, the policy was avoided, and defendant was relieved from all further liability thereon.   The plaintiff concedes that such a clause is contained in the policy, and that he did in fact obtain additional insurance about December 1, 1900, but avers that he notified defendant of such act, and asked consent thereto, and that defendant, instead of exercising its right to insist upon a forfeiture of the contract, waived the same, and elected to treat said insurance as continuing in force, and thereafter made demand upon plaintiff for subsequently accruing installments of premium.

I.   The question presented is almost purely one of fact.   Under familiar rules the judgment below cannot be reversed for want of evidence unless there is such a complete lack of support in the record as to indicate that the verdict of the jury is the result

1. VERDICT: when conclusive.

of passion or prejudice.   Where there is a direct conflict between witnesses concerning a material fact it is not for us to determine the question of their comparative credibility.   That is the province of the jury alone, and we are not authorized to disturb the finding simply because our minds are inclined to the opposite conclusion.   These remarks are more than ordinarily pertinent to a record such as we have before us.   There is an irreconcilable conflict in the testimony, and the finding of the jury as to the truth of the disputed matter is decisive of the merits of the litigation.

Plaintiff and the witness Agnew, who was formerly defendant's agent at Fairbank, unite in testifying that on the 12th of December, 1900, the policy, with a letter giving notice of the additional insurance, and asking consent thereto, was inclosed in an envelope, and mailed to defendant at Des Moines, and that the policy was retained by defendant, without responding to the letter or request,

until after the fire.   On the other hand, defendant's wit-
nesses say that the package was not received at Des Moines
until December 31st, and was contained in an envelope
postmarked at Fairbank on that day.   The alleged envelope
was produced in court, but plaintiff and his witnesses both
assert that it is not the one in which said policy was sent
but, is the envelope in which notice of loss was sent to
defendant on the day ʾafter the fire, a notice receipt of
which is denied by defendant.    Now, as the question of
the defendant's alleged waiver turns to a very great extent
upon the fact as to the time when the notice of additional
insurance was received, the determination of the conflict
between these witnesses is of prime importance.    The

2.  WAIVER of      policy provided that the taking of additional
    conditions
    of policy.     insurance would render such policy void
unless written consent was indorsed thereon, and that no
person acting as agent, employe, or other person than the
secretary or assistant secretary of the defendant could in
any way or manner waive any condition of the contract,
and that such waiver must be in writing on or attached to
the policy.   It is also true that no such express written
waiver was made, or was ever indorsed upon or attached
to such policy.   Defendant had the undoubted right, if it
so desired, to insist upon the strict letter of its contract,
and treat the policy as avoided from the moment the ad-
ditional insurance was procured.    On the other hand, it
was not within the realm of legal possibilities that it
should divest itself of all capacity to waive any contract
right it possessed, or should so limit the manner and form
in which a waiver may be expressed that such limitation
itself might not be waived.   This, we think, is substanti-
ally the holding of the court in *Ruthven v. American Fire
Insurance Co.*, 102 Iowa, 550.    If, then, we assume, as the
jury evidently found that notice of the additional insurance
was given and request for written consent thereto made
on December 12, and thereafter defendant continued to

treat the policy as in force, and give the plaintiff reasonable ground to believe that it did not intend to insist upon the strict terms of the contract in this respect, then the question of a waiver became a proper one to submit to the jury.

It appears without dispute that the premium on the policy had been paid from year to year and that at the time of the alleged notice of additional insurance, no part of such premium was past due. On the 28th of December 1900,—sixteen days after the alleged notice—defendant notified·plaintiff that the next installment of premium would fall due on January 28, 1901, and requested prompt payment to prevent the suspension or avoidance of the policy. On January 29, 1901, after the fire, defendant notified plaintiff of the maturity of the installment, saying to him that if not paid within thirty days, his policy would be suspended. Both of these notices were subscribed by the secretary of the company, the officer named as having power to waive conditions of the contract. On April 9, 1901, defendant, by its attorney, made further demand of plaintiff, and informed him that, if the premium was paid within ten days, the policy would be reinstated. It seems very clear that, if defendant was made aware of the act avoiding the policy on or about the 12th of December, and proposed to insist upon the letter of its contract, it should have acted consistently with that purpose. It could not treat the policy as void for the purpose of defense to an action to recover for a loss thereafter occurring, and at the same time treat it as valid for the purpose of earning and collecting further premiums. Having received the notice, it was within its power to ignore the failure of plaintiff to observe the precise terms of the policy, and to continue to treat the contract of insurance as still of binding force and effect. *Bloom v. Insurance Co.*, 94 Iowa, 359. Whether it did so was a material question of fact, upon both sides of which there was competent testimony, and it was properly submitted as

3. **EVIDENCE; waiver.**

such in the instructions given by the trial court. No objection is made to the court's charge, save in a general way that "each and all" of the paragraphs are erroneous. This is insufficient to raise any question for our consideration.

We find no reversible error in the record, and the judgment below is AFFIRMED.