C. W. AND WILL GLASSCOCK v. DES MOINES INSURANCE COMPANY, Appellant.

**Additional insurance:** WAIVER OF CONDITION: EVIDENCE. The provision in an insurance policy "that the entire policy, unless otherwise provided by agreement endorsed thereon or added thereto, shall be void, if the insured now has or shall hereafter make or procure any other contract of insurance," may be waived. Evidence considered and held sufficient to sustain a finding that defendant waived the condition.

*Appeal from Warren District Court.*— HON. J. H. APPLEGATE, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION on a fire insurance policy. Trial to the court, and judgment for the plaintiffs. The defendant appeals. — *Affirmed.*

*Read & Read,* for appellant.

*O. C. Brown,* for appellees.

SHERWIN, J.—— The policy in suit was issued on the 25th day of July, 1900, for the sum of $1,500 insurance for one year, and contains a stipulation that it shall be void if the insured shall procure any other contract of insurance. On the 8th day of August following, the plaintiffs placed $1,000 of additional insurance on the same property, and wrote the defendant thereof as follows: "We have taken out insurance to the amount of $500 on building and $500 on the machinery on our flour, feed and saw mill in the Mechanic's Mutual Fire Insurance Company." This letter was duly received by the defendant, and on the 10th day of August it wrote the plaintiffs this letter: "We have your favor of the 8th advising us that you have taken out additional insurance on your buildings and machinery contained in your flour, feed and saw mill. Please state the present value of your building, and give us the policy number on this sheet and we will give the matter further attention." The defendant's letter was not received by the plaintiffs, and on the 10th day of September the insured property was destroyed by fire, its value at the time being at least $4,000. On the 13th day of September an adjuster of the defendant visited the premises, and saw one of the plaintiffs, but on account of the absence of the other nothing was done towards adjusting the loss, and by agreement, and on the adjuster's request, both plaintiffs the next day went to the defendant's principal office in Des Moines for the purpose of adjusting the same. On this day the plaintiffs signed an agreement that any action taken by the defendant in investigating the cause or amount of the loss should not waive any of the conditions of the policy. The plaintiffs both testify that such agreement was only signed after they and the defendant had agreed upon a settlement and payment to them of $1,250. On the 27th day of September the defendant wrote the plaintiffs as follows: "We received a letter from you last month advising us that you had taken

out $500.00 additional insurance on building and $500.00 on machinery. We replied to this letter by asking you for the valuation and the policy number. If you are insured in our company, please give us the policy number and we will give the matter further attention." Proof of loss was duly served on the defendant on the 23d day of October, and on the 25th day of the month the defendant wrote the plaintiffs, acknowledging the same, and stating that it could not accept it for the reasons that it did not show whether there was other insurance on the property or the owner thereof, and " insisting that the plaintiffs must establish a legal title to the property insured." October 1st, November 10th, and December 13th the defendant wrote the plaintiffs letters demanding payment in full of the premium note given by them.

When the additional insurance was placed upon the property, the condition of the policy issued by the defendant was broken, and, in the absence of any further action on the part of the plaintiffs or defendant, such broken condition would constitute a good defense to a recovery thereunder. But, while this condition was absolute, it might be waived, and when the defendant was notified of its breach in the letter of August 8th good faith on its part demanded that it notify the plaintiffs within a reasonable time whether or not it would insist upon the strict terms of its policy. This was necessary for the due protection of the plaintiffs, for, if they had then been notified that a breach of the condition of the policy would be insisted upon, they could have protected themselves by insurance elsewhere. The precise language of the condition is " that the entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance." This condition itself fairly implies negotiations on the subject and a notice to the insurer of such additional insurance or desire

therefor, and the plaintiffs' letter of August 8th, construed in the light of this condition, was in fact a request for an election on the part of the company, and they should have acted thereon. *Viele v. Germania Insurance Company,* 26 Iowa, 9; *Hollis v. State Insurance Co.,* 65 Iowa, 454; *Rauch v. Michigan Millers' Mut. Fire Insurance Co.,* 131 Mich. 281 (91 N. W. Rep. 160); May on Insurance (4th Ed.) sections 370–372b, inclusive; *Lutz v. Anchor Fire Ins. Co.,* 120 Iowa, 136.

Even if the plaintiffs had received the defendant's letter of August 10th, it could not change the result, in our judgment, for that was well calculated to lead the plaintiffs to believe that the breach of the contract was not then insisted upon. In fact, the defendant's entire action in the matter indicates that it had not itself determined upon its course until long after the loss. The letter of September 27th was written seventeen days after the loss, and after the attempted settlement of the 14th, and hence after the company had full knowledge of all the facts. The entire correspondence shows that the defendant had not definitely determined to treat the breach of the contract as absolutely voiding it, and the plaintiffs were justified in so understanding. While the demands for the payment of the premium note would not alone constitute a waiver of the breach, they are material as showing the intention of the defendant. The case was tried to the court without the intervention of a jury, and, it being a law action, the court's finding on the facts is entitled to the same weight that a verdict would receive.

We think there was sufficient evidence of a waiver to sustain the finding, and the judgment is *affirmed.*