BRITISH AMERICA ASSURANCE COMPANY ET AL. v. J. R. FRANCISCO.

Decided December 1, 1909.

**1.—Insurance—Forfeiture—Waiver.**

Waiver of a forfeiture clause in a contract of insurance may be shown by parol evidence, and is established by conduct of the insurer, before the forfeiture occurs, such as fairly to induce the assured to believe that the condition of the policy will not be insisted on. Authorities on waiver reviewed.

**2.—Same—Case Stated.**

Property was insured under a policy conditioned to be void in case of any change in the interest, title or possession of the property. Insured sold the property and the policy, for which he was paid by the purchaser, to another. While the deed was held subject to delivery on payment by the purchaser of the cash consideration therefor, his agent notified the agent of the insurer of the facts relating to the sale asking him to protect the insurance, who made a memorandum thereof, made no objection and said: "When you finish that matter up, notify me again." The money was afterwards paid and the deed delivered. Held, that the question of waiver of the forfeiture by insurer was properly left to the jury; and see charge held a correct submission of that issue.

**3.—Insurance—Forfeiture—Waiver—Settlement with Mortgagee.**

An insurance policy was payable to a mortgagee of the property "as her interest might appear." It contained "the New York Standard Mortgage Clause" providing that the interest of the mortgagee should not be invalidated by act of the mortgagor, but that when the insurer should pay the mortgagee for a loss while claiming that no liability existed to the insured owner, it should be subrogated to the rights of the mortgagee. A loss having occurred, the insurer paid the amount of the incumbrance to the holder, received a transfer of the mortgage, and, claiming that the policy was forfeited, as to the owner of the property, by his transfer of it to another, proceeded to foreclose the mortgage by sale under power. It being found that the insurer had waived the forfeiture by transfer of the property, held that he took no rights against the owner by payment and assignment of the mortgage.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Wm. Thompson, W. M. Alexander, G. S. Wright* and *Sam J. Hogsett,* for appellants.—A fire insurance company could not be said to have waived the breach of a provision in its policy to the effect that it should be void on any change of the title or interest to the property merely by reason of the notice to its agent that a sale was pending, where the company or its agent had no knowledge as to whom the sale was to be made, and was not notified of the completion of the sale when it was understood by the parties that the company should be so notified. Fire Association of Philadelphia v. Flournoy, 84 Texas, 633; Hartford Fire Ins. Co. v. Rouson, 61 S. W., 144; Bruner's Adm. v. German Am. Ins. Co., 45 S. W., 109; Home Mutual Ins. Co. v. Tomkies, 30 Texas Civ. App., 404; McLeary v. Orient Ins. Co., 32 S. W., 583; 16 Am. & Eng. Enc. of Law, 939.

*Baskin, Dodge & Baskin,* for appellee.—No briefs were on file.

RICE, ASSOCIATE JUSTICE.—Appellee, who was plaintiff below, brought this suit August 5, 1907, against the British America Assurance Company of Toronto, and Sam J. Hogsett, alleging, among other things, that theretofore, to wit, on the 7th of May, 1904, A. J. Dixon and wife executed to Thos. G. Ross, as trustee, a deed of trust on a certain house and lot in Fort Worth, for the purpose of securing Jennie D. Ely in the payment of $1000 and interest thereon, evidenced by seven promissory notes, the principal of which was for $1000, payable June 1, 1907, the first interest note being for $50, payable December 1, 1904, the other interest notes each being for $45, payable respectively June 1 and December 1 of each succeeding year, the last being payable December 1, 1907. That thereafter during the year 1905 said Dixon and wife conveyed said property to Stella W. Schultze, the wife of J. Schultze, who assumed the payment of the notes above described then remaining unpaid, and that on the 9th of December, 1905, said company issued to J. Schultze a policy of insurance on said building for $1200, the loss clause being made payable to Jennie D. Ely, as her interests might appear, she then being the holder of the aforesaid notes. That thereafter on the 2d of July, 1906, the said Schultzes, by their deed of said date,

which was thereafter delivered, sold and conveyed said property so insured, for a valuable consideration to the plaintiff herein, with the agreement and understanding that the plaintiff was thereafter the owner of said policy of insurance, said plaintiff at the time of said purchase paying the grantors the then unexpired part of the premium on said policy, which was transferred and assigned to him as the owner, and due notice thereof was given to defendant company of said change of ownership, whereby plaintiff became and was entitled to all the rights conferred on the said Schultze by the terms thereof; that while said policy of insurance was in full force and effect, to wit, on the 10th of November, 1906, said building was totally destroyed by fire, whereby the defendant assurance company became liable to pay to the parties entitled thereto, to wit, the said Jennie D. Ely and this plaintiff, the full amount of said insurance; that at the time of said fire all of said interest notes above described, except the last two, had been paid and there then remained unpaid said principal sum of $1000, and the two interest notes maturing respectively on the last day of December, 1906, and the first day of June, 1907, aggregating $1090; that thereafter proof of loss was duly made and said assurance company paid off and discharged the indebtedness held by the said Ely, amounting to the sum of $1090, whereby said plaintiff's lot became and was discharged of the lien created by said deed of trust, and the same was of no longer any force or effect; but that said company has failed and refused to pay plaintiff the amount due him on said policy, to wit, the sum of $110 with interest. That at the time said company discharged said indebtedness to said Ely, it procured from her a transfer of said debt and the deed of trust securing the same, and thereafter requested said Ross, the trustee, to sell said lot under the terms of said deed of trust, which he refused to do, whereupon said company appointed Sam J. Hogsett, a codefendant herein, as substitute trustee; and he, acting under the direction of said company, has advertised said lot and is threatening to sell the same under the provision of said trust deed for the purpose of paying the said indebtedness held as aforesaid by the said Ely, claiming that the same had not been paid. Plaintiff alleged that since the execution and delivery to him of said deed from the Schultzes that he was the owner in fee simple of said lot of land, subject only to the lien in favor of the said Ely, which lien had been fully discharged, whereby he was entitled to have said trust deed canceled and released, and the cloud cast thereby on his said lot removed. Wherefore, he prayed for judgment against said company for said sum of $110 and interest, and against both defendants, declaring said trust deed canceled and released, and the cloud cast on his said title to said lot removed.

Defendants answered by general and special exception, general denial and by special answer admitting the issuance of the policy as pleaded, but alleging that the same contained, among other things, the following clauses:

a.   "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material facts or cir-

cumstances concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein."

b. "This entire policy shall be void if any change other than the death of the insured take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the assured, or otherwise." And defendant further pleaded that attached to said policy and made part thereof, was what was known as "The New York standard mortgage clause with full contribution," which, among other things, provided that the loss or damage, if any, under the policy should be payable to Mrs. Jennie D. Ely as her interest might appear, and that as to the interest of said mortgagee the same shall not be invalidated by any act or neglect of the mortgagor or by any foreclosure or other proceedings, or notice of sale relating to the property, nor by any change in the title or ownership of the property, etc., provided said mortgagee shall notify the company of any change of ownership, occupancy, increase of hazard, etc. It likewise contained the following clause: "That whenever this company shall pay the mortgagee or trustee any sum for loss or damage under this policy, and shall claim that as to the mortgagor, or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt; or may, at its option, pay to the mortgagee (or trustee) the whole principal due on the mortgage with interest accrued thereon to the date of such payment, and shall thereupon receive a full assignment and transfer of the mortgage and all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his or its claim."

Defendant further represented to the court that after it had issued its policy to the Schultzes, to wit, on the 2d of July, 1906, that said Schultze, who was the insured therein, did, without the knowledge and consent of this defendant, or without any agreement endorsed on said policy or added thereto, sell and convey by warranty deed said property to the plaintiff Francisco, by reason of which the interest of the assured Schultze in said property became other than the unconditional and sole ownership, and that a change thereby took place in the interest, title and possession of the subject of said insurance, contrary to the terms thereof, and that under the terms of said standard clause attached to said policy it became liable to pay the mortgagee, the said Mrs. Ely, and in compliance therewith did on the 8th of March, 1907, adjust said loss to said property with her by paying to her the amount of said indebtedness, aggregating $1090, whereby, in accordance with said standard mortgage clause, this defendant became legally subrogated to all the rights of said Ely and received from her a full assignment and transfer of said notes and became the legal owner and holder of said notes and mortgage. That plaintiff refused to pay this defendant said notes, whereupon it procured S. J. Hogsett, as substitute trustee, to advertise and sell said property, which was done, and the same was purchased at

said foreclosure sale by this defendant for the sum of $500 and deed executed by said trustee conveying said property to it.

Defendant also by its plea for affirmative relief alleged that when plaintiff purchased said property from Schultze and wife he agreed to assume and did assume the notes aforesaid, and this defendant is still the legal holder of said notes, upon which is now due the sum of $590; that plaintiff, though often requested, has failed and refused to pay the same or any part thereof, wherefore defendant prays that it have judgment quieting its right, title and interest to said property, and judgment for its debt, its interest and cost.

There was a jury trial resulting in a verdict and judgment for plaintiff on all the issues and against the defendant on its plea in reconvention, from which this appeal is taken.

On the trial the court refused to give a peremptory instruction, requested by the defendant, but instead, gave the following charge to the jury: "If you find and believe from the evidence that the plaintiff in his purchase of the property in question from the Schultzes and as a part of the consideration therefor, acquired his grantor's interest in the fire insurance policy sued on; and that thereafter and before the fire which destroyed the improvements covered by said policy, C. T. McIntosh, while acting for plaintiff, informed W. H. Willie, the agent of the defendant assurance company, of the change of ownership of said property, and its status as between the Schultzes and the plaintiff, and that such information, if any, was intended and understood by the parties as notice to the defendant assurance company of the rights of the plaintiff as the owner under said policy, and that such notice, if any, was accepted and received by the assurance company, acting by its said agent, and treated as sufficient, then you will find in favor of the plaintiff on all the issues of the case, that is to say, your verdict will be in favor of the plaintiff for the cancellation of the trust deed and notes introduced in evidence, and for the sum of $110 with six percent interest from January 1, 1907, against the defendant assurance company. If you do not so find and believe from the evidence, your verdict will be for the defendants and in favor of the defendant assurance company against the plaintiff as hereinafter instructed."

The court likewise refused a special charge requested by the defendant to the effect that it, under the undisputed evidence, was entitled to recover from the plaintiff on the three notes as plead by the defendant, and to find a verdict against plaintiff in its favor for the amount of said notes, to wit, $1090, with interest as therein specified, allowing a credit thereon of $500 to be deducted therefrom.

The appellant, by its first, second and third assignments of error, which may be treated together, as they practically involve the same question, asserts, in effect, that the court erred in refusing to give in charge to the jury the peremptory instruction requested by it; and likewise insists that the court erred in giving instead thereof the charge just above quoted, because it asserts that the evidence justified the giving of said peremptory instruction and did not authorize the submission of the issue to the jury as presented by the court's main charge, which it claimed was also a charge on the weight

of evidence; and urges by its proposition thereunder that the fire insurance company can not be said to have waived the breach of a provision in its policy to the effect that it should be void on any change of title or interest to the property, merely by reason of the notice to its agent that a sale was pending, where the company or its agent had no knowledge as to whom the sale was to be made and was not notified of the completion of the sale, when it was understood by the parties that the company should be so notified. It will be seen therefore, that the chief contention relied upon by the appellant, as asserted in its brief, is that the sale and transfer of the property above referred to was such a breach of that provision of the policy in reference to a change of interest or title as to constitute a forfeiture thereof, thereby rendering it void. Appellee does not question the validity of the provision of the policy containing said clause, but contends that the company has waived the breach of the condition, and is estopped from claiming a forfeiture because it was notified of the sale and by implication assented thereto.

So that the question for our determination is whether the court was correct in submitting the issue to the jury as to whether the notice to the defendant of the sale or contemplated sale of the property would operate as a waiver of the breach of said policy, as found by the jury, and whether the evidence would sustain such finding. There being no controversy in the evidence as to the allegations of the petition in respect to those matters therein contained, other than the one involved in the contention above set out, it will be unnecessary for us to notice the same further than in respect to the issue thus raised. The policy contained the clauses, as pleaded by the defendant, forbidding any sale or transfer of interest in the property insured, etc. The evidence discloses that on about the 27th of June, 1906, the plaintiff, acting by and through one C. T. McIntosh, a real estate agent, who was also the agent of Schultze, purchased the property in question, agreeing to pay therefor the sum of $2000, $1000 of which was to be in cash and the balance was the assumption on the part of plaintiff of the outstanding notes held by Mrs. Jennie Ely. No deed, however, at that time was executed by Schultze to the plaintiff, but thereafter, on the 6th of July, a deed was made and executed by Schultze to plaintiff for said property. Delivery thereof, however, was not made at the time, but said deed was held in escrow by McIntosh, with the understanding that the same would not be delivered to the plaintiff until the payment of the $1000, which was afterwards paid by plaintiff on the first of October next thereafter, when the deed was delivered to the plaintiff in accordance with said agreement, and duly placed on record by him on the same day. It was shown that the unexpired portion of the policy was paid to Schultze by plaintiff as part of the consideration of said conveyance, and it was contemplated and agreed between them that the policy should be transferred to the plaintiff. McIntosh, the agent of the plaintiff, testified, among other things, that he had sold this property two or three times before this, of which Willie, the agent of the company, had knowledge; that after the execution of this deed he said something to W. H. Willie, the representative of the insurance

company, about this insurance; that this conversation took place some time about the latter part of July or the first of August; that he told him that he had sold the property again, but that he could not tender the deed until the balance of the payments were made. He likewise told him that he had the deed in his safe to be held in escrow, and that he wanted him, Willie, to protect that property under the insurance policy until he could have the policy formally transferred. At this time Willie took his memorandum book out of his pocket and made a memorandum, and "replied to me that when you finish that matter up, notify me of this matter again." That his purpose in telling Willie about this transfer to Francisco was to give him notice to protect the assured. The witness being asked whether or not he had told him, Willie, of the facts in relation to the trade, said: "I will say I told him that I sold (to) him, and I think the amount I sold the property for; that Willie did not make any objection to that; that this is the common and usual way that such matters are transacted." The policy was never formally transferred by Schultze to plaintiff, though plaintiff testified that he had directed his agent McIntosh to see that this was done, but it had been neglected.

Parol waiver as to forfeiture clause in contracts of insurance may be shown, notwithstanding an express provision of the policy forbidding it. See vol. 16, 2d ed., Am. & Eng. Ency. Law, 935. It is said in the same volume, on page 937, that "when the conduct of the insurer, before the forfeiture occurs is such as to fairly induce the assured to believe that a requirement or condition of the policy will not be insisted upon, such requirement or condition will be regarded as waived," etc. See also New York Life Ins. Co. v. Eggleston, 96 U. S., 572, to the same effect.

Justice Bradley in delivering the opinion of the court in the last case cited, among other things, says: "We have recently, in the case of Insurance Co. v. Norton, id., ante, 689, shown that forfeitures are not favored in the law, and that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture or an agreement to do so, on which the party has relied and acted."

Treating of the conduct of the insurer after the forfeiture has occurred, it is said in vol. 16, p. 839, 2d ed., Am. & Eng. Ency. Law, "And even after forfeiture occurs the insurer is precluded from taking advantage thereof if with full knowledge of the facts out of which the forfeiture arose it neglects to declare its intention of insisting on the forfeiture, or by its acts recognizes and treats the policy as a valid and subsisting contract, and induces the assured to act in that belief, especially if such acts cause the insured to incur trouble or expense."

In the same work, on page 940, it is said: "Also it has been held that a failure of the insurer to object on notice of the intention to violate one of the conditions of the policy, will amount to a waiver, as the silence of the insurer will be deemed to have induced the breach of the defendant," citing in support of the text Hartford

Fire Ins. Co. v. McLemore, 7 Texas Civ. App., 317. In that case it is held, as shown by the syllabus, that where an insurance policy provides that it shall become void if other insurance on the property be taken without the company's consent, and the agent who issued the policy is notified of the intention of the insured to take out further insurance and fails to object thereto, the company is estopped to claim a breach of the condition because of such additional insurance.

It is well established in this State that an agent of a company can waive a stipulation as to the endorsement of transfer on the policy, etc. (Phoenix Ins. Co. v. Witt, 25 S. W., 796; Crescent Ins. Co. v. Griffin, 59 Texas, 510; Morrison v. Ins. Co., 69 Texas, 358; 3 Joyce on Ins., sec. 2325.)

Treating of the agent's power to waive a forfeiture of a policy on account of the alienation of the property, Mr. Joyce, in vol. 1, sec. 560, says: "An agent may waive a forfeiture for a transfer of the property by assenting thereto and renewing the policy after the conveyance is made. So the company is bound by the promise of its agent to indorse consent on the policy to a conveyance of the property and his agreement that the contract should be valid until the policy was brought from another city, and the proper indorsement made and the property was purchased by one who relied on such promise. And where the directors knew that an agent had consented to an assignment of the policy and duly recorded the same upon their register, the company is obligated thereby; and an agent with apparent authority may generally consent to an alienation and a waiver of forfeiture will exist. So an agent may agree that the policy remain in force notwithstanding a transfer and sale of the property insured, and a condition that consent thereto must be indorsed on the policy. In another case a policy of insurance issued to a mortgagee contained a stipulation that if any change took place in the title or possession, the policy should be void. Without the knowledge of the company, the owner sold and conveyed the property, and satisfied the mortgage, and it was decided that a subsequent assignment of the policy by the mortgagee to the purchaser, and a verbal agreement between the latter and an agent of the company having power to make contracts and issue policies that such assigned policy should have the force and effect of a new policy to the purchaser, would bind the company. So the company is bound by the statement of the agent that a sale and mortgage of the property will be all right, notwithstanding the policy provides that nothing but a distinct, specific agreement indorsed on the policy shall be valid, and that the agent shall be deemed the agent of the assured."

In Hartford Fire Ins. Co. v. McLemore, supra, Judge Stephens says: "The controlling question for decision is (speaking of the facts), do these facts preclude the assertion of the defense of forfeiture, on the ground of election, waiver or estoppel. If McKinnie (who was the agent of the company) had merely learned—especially in an incidental way—of the additional policy after its issuance, according to many very high authorities, his failure to object or cancel the previous policy would not deprive the company of such defense.

(Citing cases.) Where, however, the insurance company issues a policy with a condition against other insurance without written consent, knowing of additional existing insurance, the condition as to such additional existing insurance is waived, and for a like reason, we think, when the assured notifies the agent of his purpose to take out an additional policy in some other company and no objection is made by such agent, either then or after the additional policy is issued with his knowledge, silence under such circumstances induces a breach of the condition, misleads the insured, and should be held to operate as an estoppel."

So we believe in the present case that the failure of the agent of the insurance company to object to the transfer of the policy, upon being told that Schultze had sold the property to the plaintiff, and upon the payment of the cash consideration a deed which was then being held by McIntosh in escrow would be delivered to the plaintiff, together with the fact that the agent of the company made a memorandum at the time that this information was given him, and requested that he should be further notified when the sale was consummated, constituted a waiver of the provision in the contract against alienation, and was, in effect, a consent by the company to said sale; and that such conduct on its part, which evidently had a tendency to induce the agent of the plaintiff to believe that the company would be satisfied as to said sale and willing to carry the risk, is sufficient to estop it from now asserting a forfeiture of the policy, and we so hold.

This renders unnecessary a consideration of appellant's fourth assignment, complaining of the refusal of the court to give its special charge No. 2, in which the court was requested to direct a verdict for the insurance company against plaintiff for the sum of $590 on its plea in reconvention; because since there is no ground of forfeiture left in the case, there can be no right of subrogation on the part of appellant to the rights of Mrs. Jennie Ely, and the payment to her operated as a discharge and cancellation of the notes and deed of trust on said property.

Finding no error in the judgment of the court below, the same is in all things affirmed.

*Affirmed.*

Writ of error refused.