## ALSUP v. HAWKEYE SECURITIES FIRE INS. CO. (No. 3439.)*

Court of Civil Appeals of Texas. Texarkana. Nov. 4, 1927.

Rehearing Denied Nov. 10, 1927.

**1. Appeal and error ⬅1040(13)—Overruling exception to answer in action on fire policy, if error, held harmless where testimony negatived injury to plaintiff; "notice"; "information" (Court of Civil Appeals rule 62a).**

Where fire policy was void if insured had "information" that foreclosure proceeding had been commenced, but answer alleged "notice" merely, overruling exception to answer, if error, held harmless, under rule 62a for government of Courts of Civil Appeals, since testimony showed plaintiff was fully "informed" and no prejudice resulted; "notice" not being always equivalent to "information," for in law a person may have "notice" of fact about which he has no "information."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Information; Notice.]

**2. Insurance ⬅378(1)—Insurer held not precluded from declaring forfeiture for foreclosure, by allegation in answer that, when purchased, interest was due on property.**

In action on fire policy containing provision for forfeiture in case of foreclosure proceedings, defendant *held* not precluded from declaring forfeiture because of increased hazard by reason of foreclosure proceedings, though answer alleged that at time of purchase of property part of interest was due.

**3. Appeal and error ⬅544(1)—Errors as to evidence assigned, but not covered by bills of exceptions, cannot be considered on appeal.**

Assigning as error rulings as to admission and exclusion of evidence, not covered by bills of exceptions in record, cannot be considered on appeal.

**4. Insurance ⬅654(1)—In action on fire policy providing forfeiture for foreclosure, admitting deeds of plaintiff's vendor in evidence to show incumbrance held not error.**

In action on fire policy containing provision for forfeiture if property was foreclosed on, admitting in evidence deeds of trust executed by plaintiff's vendor to secure indebtedness over objection of plaintiff on ground that vendor's contract had nothing to do with insurance policy, and that one of deeds was not covered by pleading, was not error, since burden was on

defendant to show incumbrance on account of which insured property was being sold and instruments in question were admissible to prove fact.

**5. Insurance ⬅615—Insurer seeking forfeiture of fire policy for breach of conditions was not obligated to return unearned premium before insisting on forfeiture.**

In action on fire policy, where insurer seeking to avoid policy because of violation of forfeiture provision had not tendered unearned premium, it was *held* that insurer need not offer to return premium paid on policy before insisting on its invalidity by reason of breach of conditions contained in it.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Suit by G. M. Alsup against the Hawkeye Securities Fire Insurance Company on a fire insurance policy. Judgment for defendant, and plaintiff appeals. Affirmed.

This was a suit by G. M. Alsup, appellant, against the Hawkeye Securities Fire Insurance Company, appellee. It was on a policy issued by appellee October 22, 1923, insuring appellant for a term of three years in the sum of $1,800 against loss by fire of a dwelling house, in the sum of $150 against loss by fire of a smokehouse, and in the sum of $1,000 against loss by fire of a barn. The houses were part of a farm purchased by appellant of one Glasco. Appellant alleged that the dwelling house and smokehouse were totally destroyed, and the barn damaged in the sum of $400, by fire December 30, 1923. In its second amended original answer, appellee alleged, among other things:

"That, when the plaintiff purchased the property upon which the house is situated, covered by said policy of insurance, he purchased therewith a farm containing —— acres; that he made a cash payment thereon of only about $250, which was his total investment therein; that there was outstanding at the time two mortgages upon said property, one for the sum of $4,500, and a second mortgage for the sum of $1,750; that the interest upon said mortgages was past due when the plaintiff purchased said property, and that plaintiff, having assumed said mortgages, continued in default of the payment of said interest; that by reason thereof said property was advertised for sale under a deed of trust given to secure the payment of said second mortgage for the sum of $1,750, said advertisement having been made in accordance with the provisions in said deed of trust on or about the 10th day of December, 1923; that the fire which destroyed said building occurred on the 30th day of December, 1923; that, in accordance with said advertisement and with the provisions of said deed of trust, said property was sold to the highest bidder by J. B. Bell, substitute trustee, on the first Tuesday in January, 1924, the same being the 1st day of said month, and said property was thereupon bid in by the Reynolds Mortgage Company, a corporation of Fort Worth, Tex., which is now

the owner thereof; that the policy sued on contains the following provision and condition:

" 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if before a fire occurs the insured shall obtain or receive information that foreclosure proceedings have been commenced, or that notice has been given or posted of sale of any property covered by this policy by virtue of any mortgage or deed of trust.'

"Defendant shows that prior to the fire the insured had notice that default had been made in the payment of interest upon said incumbrance upon said property, and that because thereof the same had been advertised for sale under the provisions of the deed of trust given to secure the same, and because of said facts said policy became void and ceased to be a binding obligation against this defendant, and no recovery can be had thereon by plaintiff."

In response to a special issue submitted to them, the jury found that, before the fire occurred, appellant received information that notices had been posted of the sale of the land on which the houses were situated under a deed of trust executed by Glasco (from whom appellant purchased the land) in favor of the Reynolds Mortgage Company. On that finding "and the undisputed evidence" the court rendered judgment denying appellant a recovery of anything against appellee, and in favor of the latter for costs. Thereupon appellant prosecuted this appeal. The judgment also denied the Reynolds Mortgage Company (which became a party to the suit) the recovery it sought against appellee as the owner of indebtedness secured by a deed of trust in its favor on the land. The mortgage company did not appeal, and it is unnecessary to make further mention of it.

Allen & Perfect and W. L. Willie, all of Paris, for appellant.

Edgar Wright, of Paris, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] In his first, second, and third assignments of error appellant complains because the trial court overruled certain special exceptions urged to the part of appellee's second amended original answer set out in the statement above.

One of the grounds of the exceptions was that it did not appear from the allegations in said part of said answer that appellant "had (quoting) any notice of the commencement of proceedings against him or any actual knowledge of the advertisement and sale of said property as provided by law."

It will be seen, on referring to the statements above, where the stipulation in question is set out, that it was that the policy should be void if before the fire occurred the insured obtained or received "information (quoting) that foreclosure proceedings have been commenced or that notice has been given or posted of sale of any property covered by this policy by virtue of any mortgage or trust deed." It will be seen further, on referring to said

statement, that the allegation in said answer was not that the policy became void because foreclosure proceedings had been commenced in a court, but because appellant had "notice" before the fire occurred that default had been made in the "payment (quoting) of interest upon said incumbrance upon said property and that because thereof the same had been advertised for sale under the provisions of the deed of trust given to secure the same."

We are inclined to think the exceptions should have been sustained on the ground stated above. "Notice" is not always the equivalent of "information." In law it often happens that a person is held to have "notice" of a fact about which he has no information whatever. But the error, if it was error, in overruling the exceptions of said ground, we think should be treated as harmless under rule 62a for the government of Courts of Civil Appeals (Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822; Reisenberg v. Hankins [Tex. Civ. App.] 258 S. W. 904), for the testimony adduced to support the allegation in question was that, before the fire occurred, appellant was fully "informed" about the default in the payment of interest due and the advertising of the property for sale, and there is nothing in the record suggesting that the error may have resulted in any injury to him.

[2] The other ground of the exceptions, to wit, that it appeared from allegations in said part of said answer "that (quoting) at the time of purchase of mortgaged property part of interest thereon was due, which as a matter of law would preclude any forfeiture because of foreclosure," we think is also untenable. That appellee knew at the time it issued the policy that interest was due on indebtedness secured by a mortgage or trust deed on the property did not affect its right to invoke the stipulation in question as a defense against the recovery sought against it by appellant. It might very well be said that having such knowledge appellee should not be heard to complain of the increased hazard due to the fact that the property was so incumbered, but such knowledge was not a reason why it should be denied a right to invoke the stipulation when the hazard was further increased by the foreclosure proceedings. Neil Bros, Grain Co. v. Ins. Co. (C. C. A.) 1 F.(2d) 904.

[3] In his fourth assignment of error appellant complains because the trial court, sustaining objections thereto, excluded certain testimony offered by him; and in his fifth and sixth assignments complains because that court, overruling objections urged thereto, admitted certain testimony offered by appellee. The rulings complained of are not covered by bills of exceptions in the record sent to this court, and therefore the contentions cannot be considered here.

[4] In his seventh assignment of error appellant complains because the trial court, over his objections thereto, admitted as evidence a deed of trust from O. F. Glasco and wife

conveying the land on which the insured houses were situated to C. T. Burns, trustee, to secure their indebtedness in the sum of $4,500 to the Reynolds Mortgage Company; and in his eighth assignment complains because the court, over his objections thereto, admitted as evidence another deed in trust from said Glasco and wife conveying the same land to said Burns as trustee to secure $687.20 interest on said $4,500. A ground of the objections to the evidence was that there was "no privity (quoting) of contract between Glasco and the mortgage company, and whatever contract Glasco had with the Reynolds Mortgage Company had nothing to do with the insurance policy." The admission of the deed of trust last mentioned as evidence was also objected to on the ground that it was "not covered by pleadings." We do not think the testimony was objectionable on either of the grounds urged to it. It devolved on appellee to prove that the property insured was incumbered by a mortgage or trust deed securing the interest on account of which it was advertised for sale, and the instruments in question were admissible as evidence to prove the fact. The amount of the interest—whether it was $1,750 as alleged in said answer, or $687.20 as shown by the trust deed—was immaterial.

[5] The assignment of error remaining undisposed of is that the trial court erred—

"in allowing the defendant to seek to avoid the policy on the ground set out in defendant's second amended answer, when there is a general demurrer in the case, unless the defendant alleges a tender of the unearned premium and makes a proffer of same in open court."

The rule in this state seems to be to the contrary of appellant's contention. In Ins. Co. v. Willis, 70 Tex. 12, 6 S. W. 825, 8 Am. St. Rep. 566, it was held that an insurance company "need not offer to return the premiums paid on a policy before insisting upon its invalidity by reason of breach of conditions contained in it."

We do not think the judgment is erroneous on any of the grounds appellant is entitled to urge here under his assignments of error.

Therefore it will be affirmed.