## AMERICAN FIRE & CASUALTY CO. v. EASTHAM.

### No. 13167.

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1950.

**730**

Philip L. Kelton, Dallas, Tex., for appellant.

Fowler Roberts, Dallas, Tex., for appellee.

Before HOLMES and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

HOLMES, Circuit Judge.

This action was brought by appellee upon a fire insurance policy for $7000, and judgment obtained by him for that amount. The policy insured him against loss by fire on a frame building in Dallas, Texas, which was totally destroyed by fire on July 12, 1948. The policy contained a provision that it should be void if the house became vacant for more than thirty consecutive days. Appellant denied liability on the ground that appellee had violated this provision; the insured claimed that the insurer had waived the forfeiture clause by its retention of the premium and its failure to cancel the policy, notwithstanding it had notice of the vacancy long before the fire and continued to have such notice until the time of the fire. Issue was joined upon this question of waiver; and the jury returned a verdict for the plaintiff below, after having been properly charged by the court upon the law of the case.

It is well settled under Texas law that where the insurer acquires full knowledge of facts sufficient to work a forfeiture of its policy, and does not cancel the policy but retains the unearned premium, it waives the condition and is estopped to claim a forfeiture. It is equally well settled that a provision in the policy against the waiver of any such condition, except by written endorsement thereof, is ineffectual to prevent a parol waiver thereof by an authorized agent acting within the scope of his authority. Hartford Fire Ins. Co. v. McLemore, 7 Tex.Civ.App. 317, 26 S.W. 928; German-American Ins. Co. v. Evants, 25 Tex.Civ.App. 300, 61 S.W. 536; Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S.W. 1152, 152 S.W. 625; Aetna Ins. Co. v. Eastman, Tex.Civ.App., 236 S.W. 763; Occidental Fire Ins. Co. v. Fort Worth Grain & Elevator Co., Tex. Civ.App., 294 S.W. 953; Republic Ins. Co. v. Dickson, Tex.Civ.App., 69 S.W.2d 599; Home Ins. Co. of New York v. Roberts, 129 Tex. 178, 100 S.W.2d 91; Piedmont Fire Ins. Co. v. Ladin, Tex.Civ.App., 174 S.W. 2d 991.

The judgment appealed from is

Affirmed.